Fenlon v. Goodwin.

*Growing crop — lien of mortgage.*

## J. P. FENLON v. J. S. GOODWIN, et al.

ATTACHMENT—*Waiver of Error in Discharging.* Where a suitor brings to the supreme court for review an order of the district judge at chambers, discharging an attachment that had been obtained at his instance, and, after the petition in error is filed, voluntarily releases the attached property and causes it to be delivered to the adverse party, *held*, that he thereby acquiesces in and affirms the order complained of, and waives any error that may have been made in discharging the attachment.

*Error from Mitchell District Court.*

THE plaintiff *Fenlon* brings here for review an order made by the judge of the district court at chambers, discharging an attachment. The opinion states the case.

*Lucien Baker,* and *William C. Hook,* for plaintiff in error.

*Ellis & Ellis,* for defendants in error.

The opinion of the court was delivered by

JOHNSTON, J.: On November 24, 1884, the plaintiff brought suit against the defendants upon a promissory note executed by them for $1,050. At the same time, he filed an affidavit upon which an order of attachment was obtained, which was levied upon a valuable herd of cattle belonging to the defendants. On December 5, 1884, the defendants in an affidavit denied the grounds laid for attachment, and moved to discharge the same. A hearing was had before the judge of the district court at chambers, whereat both written and oral testimony was offered, which resulted in an order discharging the property. The plaintiff excepted, and brought this proceeding to review that order.

It has been made to appear here on a motion to dismiss this proceeding, that since the petition in error was filed in this court, the sheriff who had the custody of the attached property, at the instance of the plaintiff, proposed to John S. Goodwin to release the cattle from the attachment and deliver them to Goodwin, provided he would release a claim which he held for feed furnished for the cattle while they were in the possession of the sheriff. This proposition was accepted, and the sheriff states that on March 31, 1885, he released the cattle, and unconditionally delivered them to the defendant John S. Goodwin. Goodwin immediately took possession of the cattle, and has ever since managed and controlled the same as his own, and has advertised for sale and sold the greater number of them without objection from the sheriff or the plaintiff.

The motion to dismiss the proceeding must be sustained. By voluntarily surrendering and delivering the property to the defendants, the plaintiff has acquiesced in the order of the district judge which was brought up for review. The only question presented to the district judge, and the only one pending here, was as to whether the property should be retained under the process of the court to await the final determination of the action between the parties, or whether it should be released from the attachment and delivered to the defendant. The plaintiff has elected to end the controversy, and by his voluntary act has yielded all that was sought in the application for a dissolution of the attachment. He has ratified and affirmed the order of the district judge. The

Attachment, waiver of error in discharging.

thing commanded to be done in the order made by the judge has since been voluntarily done by the plaintiff, and thus he has confessed that the order was rightfully made, and has thereby waived any error that may have occurred. It has been stated by this court that "a party who complains of a judgment must be consistent in his conduct with reference to it. If he recognizes its validity he will not be heard to say that it is invalid." (*Babbitt v. Corby*, 13 Kas. 612.) The case cited applies here. There a party claimed title to a tract of land under two tax deeds. The court found against his title, but also found that he was entitled to the payment of the taxes paid upon the land, with interest. After commencing proceedings to reverse the decree of the court, he voluntarily accepted the money adjudged to be paid to him; and it was held, that by voluntarily accepting the proceeds of the judgment he waived any errors, if there were any. And here the release of the attached property not only operates as a waiver, but it disposes of the question pending between the parties, and leaves no actual controversy for our determination.

The motion to dismiss will therefore be allowed.

HORTON, C. J., concurring.