No. 23,889.

BRUCE BIERCE, *Appellant,* v. F. T. McNINCH, L. F. MONTGOMERY et al., *Appellees.*

SYLLABUS BY THE COURT.

LEASE OF LAND—*Party Accepting Benefits of Judgment—Waiver of Errors, if Any There Were.*   A litigant cannot on appeal contest the validity of a judgment where he has accepted the benefits or a substantial part of the benefits of the judgment challenged. His acceptance of the benefits is a waiver of error in the proceedings if any there were.

Appeal from Trego district court; ISAAC T. PURCELL, judge. Opinion filed March 8, 1924. Dismissed.

*H. L. Pestana, C. M. Holmquist,* both of Hays, and *John R. Parsons,* of Wakeeney, for the appellant.

*Herman Long,* of Wakeeney, for the appellees.

The opinion of the court was delivered by

JOHNSTON, C. J.: This is a controversy between parties as to the conditions of a lease of land and as to steps taken towards terminating it. The lease was executed by F. T. McNinch to Bruce Bierce for a term of sixteen months from April 1, 1921, and among its provisions was one that:

"This lease is made subject to a sale of the premises and in case of a sale the purchaser desiring possession, the lessor or purchaser will be entitled to possession on these terms: where the land is rented for a money rental, by returning to the lessee a sum in proportion to the whole as shall equal the unexpired time of the term; and where the land is rented for grain rent, the amount to be paid for possession will be estimated by three men, one to be chosen by the lessor, one by the lessee, and the third by these two."

On August 4, 1921, a sale of the land was made to George Mc-Ninch, who immediately notified Bierce of the sale and that he was ready to arbitrate the amount to which Bierce was entitled under the terms of the lease. Since that time the land has been resold to L. F. Montgomery. In his petition, Bierce alleged that F. T. McNinch and George McNinch had served notice of a sale and were attempting to make him vacate the land on the claim that a sale had been made, but he alleged that it had not been made in good faith, that these parties were coming upon the land and interfering with his possession and he therefore asked that they be enjoined from so doing. A temporary restraining order was issued. The defendants answered denying the allegations of the plaintiff, except as to the making of the lease, and George McNinch countered with a claim for the possession alleging that he was the owner of the land and entitled to its immediate possession. He alleged that the plaintiff wrongfully detained possession from him and he prayed for a recovery of the same. The controversy came before the court on a motion to set aside the restraining order and after much evidence had been produced respecting the sale of the land, its condition and the conduct of the parties as to the right of possession, the court proceeded with the trial as upon the merits and found that a *bona fide* sale of the land had been made, that George McNinch was entitled to its possession upon compliance with the provisions of the lease with reference to the arbitration of the amount due to the plaintiff under the terms of the lease and that the restraining order should be so modified as to enable the defendants to go upon the land and take care of wheat and other property thereon, and the restraining order was continued in force for another week, for arbitration of the amount due the plaintiff. In accordance with a suggestion of the court, George McNinch chose an arbitrator, the plaintiff chose another and these two chose a third, and together they examined the claims of the parties and found that the plaintiff was entitled to $432.73. The plaintiff expressed dissatisfaction with the award, but when the amount of the same was paid into court by the

defendant, the plaintiff accepted it from the clerk of the court and still holds the same. He contends that only the value of the crops and plowing were considered by the arbitrators and that his property right in the possession of the land was not considered or allowed. Another claim is that there was nothing before the court but the dissolution of the restraining order, that the court was without authority to direct the appointment of arbitrators, and that there was nothing before the court as to the award of possession to Montgomery, who had not even pleaded in the action. The court upon motion substituted Montgomery, who had purchased the land, for George McNinch and he was found to be entitled to the possession of the land, which the court adjudged should be awarded to him. At a later time the court found that as the plaintiff had accepted and received the amount awarded by the arbitrators, possession of the land should be surrendered immediately and that as the crops which formed a part of the damages awarded needed immediate attention, and therefore execution for the possession should be and was awarded.

In view of the conceded facts it is clear that the plaintiff has no standing to require a review of the proceedings and judgment. It was somewhat irregular in the court to try out the merits of the case on the motion to dissolve the injunction, but the plaintiff participated in the trial that was had, joined in the appointment of arbitrators as the lease provided and when the decision of the arbitrators was made and the amount to which he was entitled was determined and paid he accepted and still holds the amount awarded. It is well settled that a litigant who accepts and appropriates to himself the benefits or a substantial part of the benefits awarded in the judgment, he thereby recognizes its validity and will not be permitted to say that it is invalid. If any errors were committed they have been waived by his acceptance of the award. (*Babbitt v. Corby, Adm'x*, 13 Kan. 612; *Hoffmire v. Holcomb*, 17 Kan. 378; *Fenlon v. Goodwin*, 35 Kan. 123, 10 Pac. 553; *Savings Bank v. Butler*, 56 Kan. 267, 43 Pac. 229.) Aside from this consideration it appears that the terms of the lease under which possession is claimed by plaintiff, expired on August 1, 1922, and so far as possession is concerned, the question has become moot. In any event the plaintiff is not entitled to a review of the proceedings whether or not they were irregular or erroneous.

The appeal is dismissed.