No. 27,715.

R. L. RALSTON, *Appellee,* v. WILLARD R. RALSTON et al., *Appellants.*

(264 Pac. 146.)

SYLLABUS BY THE COURT.

APPEAL AND ERROR—*Waiver of Right to Review—Acquiescing in Judgment.* The proceedings considered in an action to partition real estate, and held that a claimant of the entire estate who elected to take some of the property at its appraised value, who purchased two other tracts for which payment was made out of his share of the proceeds and who accepted his allotment of attorney's fees, thereby acquiesced in the judgment and waived his right to appeal.

Appeal from Butler district court; GEORGE J. BENSON, judge. Opinion filed April 7, 1928. Appeal dismissed.

*E. L. Foulke, James B. Nash* and *Roy H. Wasson,* all of Wichita, for the appellants.

*A. L. L. Hamilton* and *R. C. Woodward,* both of El Dorado, for the appellee R. L. Ralston; *M. A. Merten,* of Augusta, for the appellees Carhartt Ralston, Emily R. Davis, and M. A. Merten as administrator of the estate of Hannah Ralston.

Appeal and Error, 3 C. J. p. 679 n. 21; 2 R. C. L. 58.

The opinion of the court was delivered by

HOPKINS, J.: The action was one to partition real estate. Willard Ralston claimed to own the entire estate, was defeated, and appeals. The question presented is whether he lost his right of appeal by acceptance of benefits under the challenged judgment.

The facts are substantially these: Robert Ralston died in 1912, intestate, leaving as his survivors, his widow, Hannah Ralston, and five children, Willard, Carhartt, R. L., Emily and Mary. Prior to his death he had deeded 160 acres of land to his children, Carhartt, Emily and R. L., taking from the first two a release and relinquishment of all interest they might have in his estate. The daughter Emily paid to her father the sum of $500 in order to equalize her share in the distribution of the estate. The land deeded to the son, R. L., was valued at approximately $8,500, but the father failed to take from him any release or relinquishment of his right to share as an heir in the estate. The widow died in January, 1926, intestate, leaving the five children above named surviving her. On March 10, 1926, the daughter Mary, who was unmarried, died, leaving as her heirs the four remaining brothers and sisters. R. L. Ralston filed this action, making his brothers and sisters defendants. Emily (Davis) answered, stating that her two brothers and herself had received certain lands from their father, and that they should not, therefore, participate further in the distribution of his estate, but alleged further that her mother inherited one-half of his estate, and Mary and Willard each one-fourth of the father's estate, and that of the mother's one-half each of the five children should inherit an equal share. Willard answered stating substantially that it was the father's intention that each of his children should share equally in his estate; that three of the children had received their shares, although no release was taken from the one; that the fourth had died, and that he, therefore, was entitled to the entire estate remaining.

The court found that the deeds to Emily and Carhartt were given in consideration of the releases and relinquishments signed by them and that the deed to R. L. was to be considered as an advancement; that on the death of the father the estate passed to the widow, his son Willard and his daughter Mary; that the widow received eighteen-thirtieths of the estate, and the two children six-thirtieths

each. The court found that after the death of the mother each of the five children inherited an equal share of her share of the father's estate; that after Mary's death the children inherited equal shares of her share of both her father's and mother's estates. The real estate was sold and $20,641.40 ordered to be distributed. The court ordered that Willard receive two-fifths, and the other surviving children one-fifth each.

After judgment and before lodging his appeal in this court, Willard elected to take some of the property at its appraised value. Later he purchased two tracts of the land, and his attorneys were paid their fees from the allowance of his distributive share. Thereupon, the appellees moved to dismiss his appeal on the ground that a litigant may not contest the validity of a judgment where he has accepted substantial benefits thereof. The appellant, now represented by other attorneys, contends that he "has taken nothing, received nothing and benefited in no way by his acceptance, except to an extent much less than it is admitted by all parties he should be benefited," and "that none of the acts set up in the motions to dismiss have substantially affected either the rights of the appellant or the rights of any of the appellees." Numerous authorities are cited in support of the contention (29 L. R. A., n. s., 30 *et seq.*), which, however, are not supported by the general rule, which is to the effect that a litigant who complains of a judgment must be consistent in his conduct with reference to it. If he recognizes its validity, he will not be heard to say that it is invalid. He cannot on appeal contest its validity where he has accepted the benefits or a substantial part of the benefits of the challenged judgment. (*Cronkhite v. Evans, etc., Co.,* 6 Kan. App. 173; *Bennett v. Bennett,* 112 Kan. 559, 211 Pac. 632; *Bierce v. McNinch,* 115 Kan. 542, 223 Pac. 1110; *Elliott v. Orton,* 69 Okla. 233, 171 Pac. 1110.) Acceptance of costs, attorneys' fees, election to take property at its appraised value and participation in public sale, amount to an acceptance of the benefits of the judgment. (*Weathered v. Weathered,* 115 Kan. 744, 224 Pac. 901.) The statute (R. S. 60-2113) provides in substance that the court in partition cases shall tax the costs, attorneys' fees, etc., and apportion them among the parties according to their respective interests. A party accepting his attorney fees, or costs, acknowledges the correctness of the court's finding as to his

interest and cannot later appeal. (*Root v. Heil,* 78 Ia. 436, 43 N. W. 278.) In a measure, at least, the appellant acquiesced in allotment of attorneys' fees to the adverse parties, because if his contention was correct the entire estate was his, partition was not proper, and attorneys' fees were not allowable. In a partition suit after judgment a party electing to take a part of the property at its appraised value cannot later appeal where the election was voluntary and not made under protest. (*Weathered v. Weathered,* supra.) If the appellant's contention that he was the owner of all the real estate was correct, no partition of the same should have been made, and the court had no authority to order the sale thereof. A further contention that the acts of his attorneys in accepting their fees were not his acts cannot be sustained. He was bound by the acts of his attorneys in accepting such fees. (*Cronkhite v. Evans,* supra.) The appellant instead of paying for the property purchased by him at the sale, permitted and acquiesced in the application by the clerk of a part of his share of the proceeds of the sale to the payment of the purchase price. He acquiesced in the order of the court confirming the sale by filing no motion to set it aside. What appellant did in all of the matters above enumerated was done voluntarily and under no coercion or protest, and he is necessarily bound by his action.

The appeal is dismissed.