No. 28,214.

CHARLES G. TONER, *Appellant*, v. THE CONQUEROR TRUST COMPANY, *Appellee*.

(268 Pac. 810.)

Opinion filed July 7, 1928.

*Albert Watkins* and *Arthur C. Scates*, both of Dodge City, for the appellant. *O. G. Underwood*, of Greensburg, for the appellee.

The opinion of the court was delivered by

HUTCHISON, J.: This is an appeal from the order of the trial court overruling and denying the motion of the plaintiff to correct and amend the journal entry and to retain and assign for trial the first and second grounds of the petition, upon which no evidence had been introduced or hearing had.

The facts necessary to a complete understanding of the issues are briefly as follows: Gorrell sold two tracts of land in Kiowa county to Toner, conveying them by warranty deeds, and took back a mortgage from Toner for part of the purchase price of the second tract. It later developed that Gorrell only owned about a three-fourths interest in the land, and Toner discontinued paying interest on the mortgage for the purpose of effecting a settlement. Gorrell died as a resident of Missouri. The Conqueror Trust Company, a Missouri corporation, became administrator of his estate, and on December 21, 1923, commenced a foreclosure action in Kiowa county. Defendant Toner filed a demurrer, which was overruled. The parties holding the outstanding title came in and pleaded.

Judgment of foreclosure was rendered May 14, 1925, against Toner and for the sale of the land, excluding the interests held by the interpleaders. Order of sale was issued and the land advertised for sale December 7, 1925. On December 5, 1925, this action was commenced by Toner against the trust company as administrator, seeking in the first and second counts of the petition to recover from the administrator damages for breach of warranties in the two deeds given by Gorrell to Toner, claiming $2,000 in the first count and $1,375 in the second, and setting up copies of the two deeds as exhibits.

The petition further recited excuses of illness and the like for failing to answer in the foreclosure case, alleged agreement whereby he was to have time to do so later, violation of agreement and failure to give notice; alleged that judgment by default was taken against him contrary to promises and understanding in open court; further alleged the defendant was a nonresident and had no property in the state of Kansas; and prayed that the judgment in the foreclosure case be vacated and set aside, that the sale of the land be enjoined and restrained, that plaintiff have judgment against the trust company for $3,375, and that it be set off against whatever indebtedness the plaintiff might owe the estate; also prayed for other relief and for costs.

The petition was verified, an injunction bond was furnished, and an order restraining the sale was procured. Defendant trust company filed demurrer, which was overruled, then an answer, which was a general denial and special denial in detail as to the last portion of the petition as to the rendition of judgment in the foreclosure case.

A hearing was had as to the allegations in the closing paragraph of the petition, the whole proceeding being conducted and considered by all parties apparently as if it were a special proceeding by petition to vacate and set aside a judgment obtained by the fraud of the successful party. The court, at the close of the testimony and argument of counsel on December 18, 1926, found that the plaintiff was not entitled to relief as prayed for in his petition and ordered that he take nothing under his petition. After the overruling of the motion for new trial the plaintiff filed and presented the motion outlined in the first sentence of this opinion, requesting the court in particular to correct the journal entry and to retain and assign for trial the first and second counts of the petition, on which no hearing was had.

Appellant claims he has not had his day in court as to the first and second counts of the petition, each of which sets forth a breach of warranty. Not a word of evidence is in the record as to these allegations which were put in issue by the answer. The court proceeded upon the theory that this was a special proceeding under R. S. 60-3011 to set aside a judgment obtained by fraud. This was no fault of the court, for it is admitted by counsel for appellant that it was so heard and presented. Under such proceeding the court always hears the grounds for setting aside the judgment, and if satisfied vacates the judgment and lets the defense be made. Appellant takes no exception to the holding of the court that the evidence was not sufficient to justify a vacation of the judgment. The appeal does not raise any question for review except the alleged error in overruling the subsequent motion to permit the plaintiff to have a hearing upon the breach of warranty counts.

Appellant maintains that, however much the petition might appear like a special proceeding to vacate a judgment, it is not, because the petition does not set forth a defense to the foreclosure action; that a defect in the title is not a defense to an action on a purchase-money note and mortgage; that it may be a set-off or counterclaim such as could be made a part of the answer, but the section permitting such proceeding limits the petition to a defense in the restricted meaning of the term, and cites the case of *Emmons v. Gille,* 51 Kan. 178, 32 Pac. 916, to show that a claim because of defective title is not a defense to a foreclosure action. Many decisions from other states are cited which reached similar conclusions, but our liberal provision for pleading by way of answer permits the defendant to set forth as many grounds of defense, counterclaim, set-off, and for relief as he may have. Our court has held that a counterclaim or set-off is a proper defense to a foreclosure action, and it should be said that the case in 51 Kansas, above cited, involved another element, making it not strictly applicable, in that the defense there attempted was a suit pending brought by a third or outside party. But it is well settled in this state that the failure of title or breach of warranty may be set up as a defense to a foreclosure action.

"In an action brought by the vendor of real estate, conveyed by deed of general warranty to foreclose a mortgage given for the purchase money, the vendee and mortgagor may set up as a defense a failure of the title to the property." (*Chambers v. Cox,* 23 Kan. 393, syl. ¶ 1.)

"Unliquidated damages arising from breach of covenants of warranty may constitute a set-off against a note secured by mortgage on land." (*Dalsing v. Leib,* 116 Kan. 44, syl. ¶ 1, 225 Pac. 1074. See, also, *Scantlin v. Allison,* 12 Kan. 85.)

There is one element of difference between a request of this kind and the filing of an answer within time. The former is permissive only and the latter is a right. But if fraud has actually been practiced by the successful party which prevented an opportunity to have a fair trial, it would seem the same general rights should be afforded of making a defense. It would therefore seem that the counterclaims contained in the first and second counts of the petition were proper for a defense in the broader meaning of the term.

It is undoubtedly correct that this was a special proceeding, the way it was presented to the court, with all the excuses and undue advantages taken as alleged as grounds for vacating the judgment; but this special proceeding is only for a special purpose, viz., to be let in to defend. If that privilege is granted no substantial rights are gained, only to be placed where he was, a defendant, at the beginning of the foreclosure suit. He is no farther along than he was after the action was commenced. This is merely a preliminary proceeding to acquire a right to plead and defend the action, which right he had until it was lost by some improper conduct of the successful party. In this case the court found there had been no such improper conduct as to deprive the defendant of his right to defend. That is all, except for the sweeping words of the journal entry to the effect that the plaintiff in the new suit take nothing. The court had heard nothing as to the merits of the claim of breach of warranty. Was it in a position to say that the plaintiff take nothing? The plaintiff had failed in all he had presented. The court rightly determined there was no merit in his contention, as far as presented; but had the plaintiff a right to proceed or be heard on the first and second counts of his petition? The court had overruled a demurrer to the petition, which would indicate that it stated a cause of action. Appellant suggests that all the additional allegations as to fraud and excuses be considered as surplusage and that his petition be considered as an action merely upon the breach of warranty. We see no reason why these additional allegations might not be wholly disregarded as surplusage.

Appellee says he is estopped because of having elected the wrong remedy. Was this preliminary step to vacate a judgment a remedy?

As stated above, to succeed with it would not have accomplished him anything more than he had in his own legal right a few weeks or months earlier. In the election of remedies three things are essential:

"(1) There must be in fact two or more coexisting remedies between which the party has the right to elect; (2) the remedies thus open to him must be inconsistent; and (3) he must, by actually bringing his action or by some other decisive act, with knowledge of the facts, indicate his choice between these inconsistent remedies." (20 C. J. 20.)

"An election can exist only where there is a choice between two or more inconsistent remedies actually existing at the time the election is made. Hence the fact that a party misconceives his right, or through mistake attempts to exercise a right to which he is not entitled, or prosecutes an action based upon a remedial right which he erroneously supposes he has, and is defeated because of such error, does not constitute a conclusive election." (20 C. J. 21.)

"The principles governing election of remedies are necessarily based upon the supposition that two or more remedies exist. If in fact or in law only one remedy exists, there can be no election by the pursuit of another and mistaken remedy. It is a well-established rule that the choice of a fancied remedy that never existed and the futile pursuit of it, either because the facts turn out to be different from what the plaintiff supposed them to be, or the law applicable to the facts is found to be other than supposed, though the first action proceeds to judgment, does not preclude the plaintiff from thereafter invoking the proper remedy." (9 R. C. L. 962.)

There was no inconsistency between these efforts to obtain the rights claimed by the plaintiff Toner. He first attempted to have a judgment set aside so he could set off his counterclaim based on breach of warranty against anything he might owe on the mortgage. He now claims the right to recover a judgment based upon a breach of warranty. There is nothing inconsistent in these two efforts. The former, if it is called a remedy at all, is a preliminary step to make his claim, identically the same one, more immediately effective.

"The nature of an action is determined by the allegations of the petition rather than by the prayer for relief." (*Wellington v. Insurance Co.*, 112 Kan. 687, syl. ¶ 1, 212 Pac. 892.)

In the case of *Ramsey v. Bank Commissioner*, 115 Kan. 212, 222 Pac. 117, a depositor in a bank that later failed sued a director to recover his deposit received by the bank when he was an officer and knew it was insolvent. Later, while such suit was pending, a dividend was declared for the depositors, and he brought mandamus to compel a payment to him of his proportionate share thereof, and

the court held these were not inconsistent remedies; that the mandamus action was wholly consistent with the election of remedy made by the depositor, viz., to recover from the officer the amount deposited.

In the very recent case of *Bolinger v. Giles*, 125 Kan. 53, 262 Pac. 1022, the court said:

"But plaintiff did not prosecute alternative courses of procedure, nor seek to exact alternative or inconsistent remedies. True, her petition contains ample recitals to state a cause of action in tort, but it also did state a cause of action for money had and received, and no objection was raised to her pleading. Plaintiff's cause of action was founded on two quite consistent theories of defendants' liability—one, that the defendants were liable to her for money and money's worth as joint wrongdoers, and the other, that defendants were liable to her for money and money's worth had and received without consideration." (p. 54.)

This is very different from other cases where two inconsistent remedies have been pursued. For instance, in *Rucker v. Rafter*, 122 Kan. 91, 251 Pac. 420, the transferee brought an action against the transferor of a promissory note to recover on the warranties implied by law in the transfer of the note. It was held to be inconsistent with another action between the same parties to recover for fraud practiced in the transfer of the note. In another case, *Pitt v. Keenan*, 124 Kan. 810, 262 Pac. 567, the plaintiff brought an action to recover damages for fraudulently obtaining possession of shares of stock from him, after having brought an action against the same defendant to recover back the valuable stock which he had exchanged, and tendered into court the worthless stock that he had received. These remedies are absolutely inconsistent in every particular.

"Where property is wrongfully obtained from the owner by another and converted to his own use, the former owner has two remedies open to him, one to treat the title as having passed, and sue for its value, and the other to sue for the recovery of the specific property, and when, with knowledge of the facts, he sues for the value of the property converted, the election is complete, and the other remedy is no longer available to him." (*Ireland v. Waymire*, 107 Kan. 384, syl. ¶ 1, 191 Pac. 304.)

As stated above, the preliminary step attempted by the plaintiff in this case to vacate the judgment is not a remedy at all. It is simply a preliminary step and, in the mind of the plaintiff at the time; apparently a means of assisting him in the prosecution of his claim, namely, a recovery upon the breach of warranty. On this

subject, in the case of *McKim v. Carre,* 72 Kan. 461, 83 Pac. 1105, it was said:

"In order for a party to be concluded by an election between two inconsistent remedies both must in fact be open to him. The pursuit of a remedy which he supposes he possesses, but which in fact has no existence, is not an election between remedies but a mistake as to what remedy he has, and will not prevent his subsequent recourse to whatever remedial right was originally available." (p. 464.)

The judgment of the trial court will be reversed and the cause remanded, with instructions to amend the journal entry so as to permit the plaintiff to have a hearing on the first and second counts of the petition and assign the case for trial and further proceedings.