No. 28,805.

ULYSSES S. FADELY, *Appellant*, v. HARVEY R. FADELY et al., *Appellees*.

(276 Pac. 826.)

Opinion filed May 4, 1929.

*Nelson J. Ward,* of Belleville, for the appellant.

*R. C. Postlethwaite, D. H. Postlethwaite,* both of Mankato, *Robert Stone, James A. McClure, Robert L. Webb* and *Beryl R. Johnson,* all of Topeka, for the appellees.

The opinion of the court was delivered by

HUTCHISON, J.: The appellees move to dismiss the appeal in this case because the appellant has accepted substantial benefits of the judgment, and has thereby waived his right of appeal and is estopped to maintain such after receiving and appropriating the benefits of the judgment. The benefit referred to is an attorney fee of $500 allowed by the trial court as a fee for plaintiff's attorney, and was a part of the judgment rendered from which the appeal is taken.

Appellant maintains that the nature and character of this action make it an exception to the general rule; that the plaintiff's attorney would be entitled to a fee in the case regardless of the final result thereof on review, because it involves the construction and validity of a will, and in such cases both sides are entitled to attorney fees paid out of the estate, regardless of their success or defeat in the litigation, and cites the case of *Singer v. Taylor*, 91 Kan. 190, 137 Pac. 931, where it was held:

"Where there is ambiguity in the provisions of a will and a real controversy as to its construction it is competent for the court to allow reasonable attorneys' fees out of the estate to the defeated as well as the successful party." (Syl. ¶ 2.)

The appellees maintain that the case at bar does not involve the construction or validity of a will, but is one to set aside for want of jurisdiction and other reasons the judgments rendered in two former cases involving the construction of the will, and, as far as the allegations of the petition might indicate that the construction of the will is involved, it is *res adjudicata*, and they rely upon the rule announced in *Coal Co. v. Brick Co.*, 52 Kan. 747, 35 Pac. 810, as follows:

"The doctrine of *res adjudicata* forbids a repetition of vexatious lawsuits, and a former trial and judgment upon one of the items is conclusive between the same parties as to all matters which were or might have been litigated in all other actions, whether commenced before or after the action in which the adjudication was made." (p. 749.)

We think, following and adhering to the rule in the Singer case, *supra*, the decision on the motion to dismiss this appeal will depend upon the question of whether or not this action is really one involving the construction and validity of the will and codicil. If it is such a case it should not be dismissed, because attorney fees are proper for both sides and are not a benefit by virtue of the judgment. But if it is a case to set aside former judgments and secure a rehearing of a matter already adjudicated, then attorney fees are not a matter of right, and the acceptance of such would be a benefit derived from the judgment and a waiver of the right to appeal from such judgment.

The appellant in this case is one of three sons of the deceased, who left a will and a codicil, which were admitted to probate. The appellant appealed from such ruling of the probate court to the district court, and in such court that cause was numbered 5,197.

Later, and before any hearing on the appeal case, the appellant filed an action against his two brothers, involving the validity and construction of the will and codicil, which cause was numbered 5,281. Issues were joined and both cases were tried together, and the judgment was rendered November 10, 1927, in both cases substantially the same, holding the will valid and the codicil inoperative and ordering distribution of the estate under the will, which judgment the journal entry says was reached by agreement between the parties. Eight days after the last order in these two cases was entered this action was commenced by this appellant in the same court, making the same and other parties defendants. The appellant speaks of it in his brief as an action "for the purpose of determining the validity and effect of the will and codicil and the two preceding cases." The prayer of the petition is as follows:

"Wherefore, plaintiff prays that all the defendants be required to set up all of their claims of right, title and interest in and to the property owned by Samuel E. Fadely at his death, and prays the court to determine the validity, effect and construction of exhibits 1 and 2 in the light of the foregoing facts; and determine the rights, titles and interests of all the parties to this action in and to the property of all kinds whatsoever left by Samuel E. Fadely, deceased, at his death; and that the court determine the rights, titles and interests of these parties in and to the bonds in the sum of $12,500, and trust fund attempted to be created in relation thereto, and the other property mentioned in the journal entry of November 10, 1927, a copy of which is attached hereto as exhibit 7, and that the court grant such other and further relief as is just and proper under the facts set forth in this petition, and that the plaintiff recover his costs herein expended."

There were nine exhibits attached to the petition, among which were copies of the will, the codicil, petition and answer in the second case, No. 5,281, journal entries of judgment on November 10, 1927, in both cases, and ruling on subsequent dates. The prayer of the petition in case No. 5,281 is as follows:

"Wherefore, plaintiff prays for judgment that said last will and testament and codicil thereto of said Samuel E. Fadely be set aside and he be held to have died intestate, and that all and singular his estate descend under the statute in equal shares to plaintiff and defendants as his heirs at law."

The answer in this case of the defendants, now appellees, is in effect a plea of former adjudication. Upon the trial of the cause the court found the nature of the case to be as follows:

"The court finds that there exists an actual controversy concerning the effect and construction of the last will and testament and the codicil thereto of Samuel E. Fadely, deceased, and the effect and construction of the trust

estate of which the defendant, C. A. Garber, is trustee, and of the force and effect and construction of judgments and decrees and orders of this court heretofore entered in cases No. 5,197 and No. 5,281."

The court further found as to the jurisdiction of the court in the two former cases, after describing them by number, title and other details, as follows:

"The court finds that in said two actions above described this court had jurisdiction of the subject matter and of the parties, and that the judgments, orders and decrees entered in said actions are valid and binding."

The court reiterated and restated the findings and orders of the court in the two former cases and made them the findings of this case at great length and in detail; and in connection with such restatements is the following paragraph:

"It is further by the court considered, ordered and adjudged that the parties have fully settled and compromised all the matters in controversy herein, as set forth in journal entries entered as of November 10, 1927, in the cases above mentioned and numbered 5,197 and 5,281, and that said orders are valid and binding upon the parties; that the jurisdiction of this court of the subject matter and of the parties in said two actions above described and numbered respectively 5,197 and 5,281 was full, complete and valid, and that the judgments, orders and decrees entered in those actions are valid and binding."

The specifications of error assigned are as follows:

"SPECIFICATION OF ERRORS.

"1. The trial court erred in construing the will and codicil.

"2. The trial court erred in not decreeing the deceased died intestate.

"3. The trial court erred in the determination of the interests of the parties in the estate of the deceased.

"4. The trial court erred in the allowance of attorney and trustee fees on November 10, 1927, and the thereafter approval of such allowances.

"5. The trial court erred in not granting a new trial.

"6. The trial court erred in appointing a trustee for appellant and permitting him to qualify and act."

The reiteration in this case of the findings, orders and decrees made in the former cases does not make this case one involving the matters determined in the former cases. The only question decided in this case was the validity of the former judgments. But appellant designates that as one of the errors which he expects this court to correct, and if the trial court had held otherwise on that point the construction and validity of the will and codicil would have been the next step. The long petition referring to the former judgments was undoubtedly prepared on the same theory. However extended the scope of the petition may be and the possibilities of reaching

decisions of issues raised or proposed therein, the fact remains that the trial court did not in this case hear and determine any matters involving the validity or construction of the will and codicil. The petition might be likened to one to reform a mortgage and foreclose it. When the court refuses to reform it there may be nothing to foreclose. This court has said a petition to set aside a judgment rendered by default and render judgment for defendant on his meritorious defense consists of two parts, and a ruling on the first part refusing to set the judgment aside is not an adjudication of the second part. (*Toner v. Conqueror Trust Co.*, 126 Kan. 554, 268 Pac. 810.) The general rule that the acceptance of substantial benefits of a judgment waives the right to appeal from that same judgment is well recognized (3 C. J. 679; 2 R. C. L. 61; *Ralston v. Ralston*, 125 Kan. 619, 264 Pac. 146) and practically conceded; but is this an exception along the line of the Singer case? We think not. There was no construction of the will made by the court in this case, and the fact that the court in effect refused to place a construction on it in this case will not bring the case under the principle announced in the Singer case. The authorities cited from other jurisdictions do not convince us that this case is or should be an exception to the general rule.

The motion to dismiss the appeal is sustained.