No. 29,180.

Bert J. Mickens, *Appellant,* v. The Lawrence Paper Manufacturing Company and J. M. Stark, *Appellees.*

(285 Pac. 624.)

Opinion filed March 8, 1930.

*Dennis Madden,* of Topeka, for the appellant.

*F. Herbert Crabb,* of Topeka, for appellee J. M. Stark.

The opinion of the court was delivered by

Hutchison, J.: This appeal is supplemental to and an outgrowth of the case of *Mickens v. Hill,* 126 Kan. 794, 271 Pac. 279, and concerns only the question of attorney fee of the plaintiff's attorney in that case. It was a compensation case in which there was a written contract between plaintiff and his attorney for 50 per cent of the amount of recovery actually collected by the plaintiff, and the required notice had been served on the defendant to constitute an attorney's lien. The judgment which was affirmed in this court was

for $4,400, on which $1,400 had been paid in installments and the attorney had received on account the sum of $550 when the supplemental proceedings commenced. The motion of plaintiff's attorney for approval of his fee and fixing a lien therefor was heard by the district court on March 2, 1929, and the court held the attorney to be entitled to a fee of 25 per cent of the amount of recovery actually collected by plaintiff and found that he had already collected $550, to which ruling the plaintiff excepted.

On July 2, 1929, the plaintiff, without the knowledge or approval of his attorney, made a settlement with the defendant in writing for $1,800, which by the terms of the writing was to be paid directly to the plaintiff, but instead thereof that amount was paid to the clerk of the court and the court made an order directing the clerk to pay $1,550 to the plaintiff and retain $250 for further consideration. The plaintiff filed a motion asking that the court discharge the $250 in the hands of the clerk and that it be paid to the plaintiff as a part of the final settlement, as provided by the written contract, and for which receipt had already been executed by the plaintiff. Plaintiff's original attorney also filed a motion for judgment against the defendant on his attorney's lien for the balance of his fee on the full amount of the judgment recovered at the rate of 25 per cent, as allowed by the court, alleging that he had no knowledge or notice of the settlement until it was filed in court. The court heard both these motions on July 9, 1929, and entered an order directing the clerk to pay Mr. Stark, plaintiff's original attorney, the $250 balance in his hands. Thus both motions were in effect overruled, and Mr. Stark and the plaintiff both excepted. Mr. Stark, however, accepted and receipted for the $250 as for the balance of his fee in full in the case. The plaintiff appeals from the ruling of the court made March 2, fixing the fee of Mr. Stark at 25 per cent, and also from the adverse ruling of July 9, refusing to give the $250 to plaintiff, and Mr. Stark has filed a cross appeal as to the failure of the court to render judgment in his favor for the unpaid balance of the 25 per cent of the original judgment rendered.

In the first place, the cross appeal must be disposed of without further consideration than to observe that by the acceptance of the benefits of the order the attorney waives the right to appeal from the order which included the fee so accepted. (*Fadely v. Fadely,* 128 Kan. 287, 276 Pac. 826, and cases therein cited.) Even if the attorney may have been entitled to a judgment against the defend-

ant because of his lien, the acceptance of the allowance in full for such fee and his receipt in full inures to the protection of the defendant under the lien as well as the plaintiff under the contract and the court's allowance, and his acceptance of it under the order of court as payment in full of his fee waives his right to review or call in question the order which also deprived him of the further recovery which he claimed.

The plaintiff as appellant here insists that the court erred in granting the attorney a 25 per cent fee because it was not granted in compliance with the requirements of R. S. 44-536 as to the allowance of attorney fees in compensation cases.

The contract for the 50 per cent attorney fee was in writing and the theory of the appellant is that when the court disapproved that amount, the contract was .disapproved and set aside and the allowance of 25 per cent was not on the contract, but on the basis of *quantum meruit,* whereas it is required by the statute that the contract as to fee be in writing and approved by the court in writing. This theory is inaccurate to the extent that it fails to recognize the necessary condition or requirement of the- statute as to the approval by the court, the same as if it had been expressly embodied in the contract. (*Carter v. McPherson,* 104 Kan. 59, 177 Pac. 533.) There was only one thing about the contract of employment that could possibly fail to get the approval of the court, and that was the amount of the fee. When this contract was executed by the client and his attorney it said, in effect, we agree upon a 50 per cent attorney fee, provided that amount meets the approval of the court. The contract was not complete in that particular, nor enforceable as a lien on the judgment or award until passed upon by the court, either before or after judgment, and the disapproval of the court being practically limited to the amount of the fee would not be a setting aside of the contract, but a modification of the amount of the fee and an approval of the contract with such modification.

"The statute recognized the fact that claims of attorneys for fees for services in procuring agreements, awards and judgments for compensation, would arise, and recognized the fact that such claims could become enforceable liens. The purpose of the statute was protection to workmen. That purpose was accomplished without impinging on the general law by requiring contracts for professional services to be in writing and to be approved by the court or judge. While this approval is a condition to lien, it is not a time condition. The method of perfecting a lien is still that prescribed by the

general statute, and when perfected the lien will attach for whatever amount the court finally approves." (*Graham v. Elevator Co.*, 115 Kan. 143, 145, 222 Pac. 89.)

The appellant further urges that the court erred in overruling his motion for directions to the clerk to pay the $250 to him as the settlement contract provided, and in giving the money to the attorney because the attorney had elected by his motion to press his lien against the defendant, and in so doing had waived his right to enforce the contract against the plaintiff and was estopped from doing so. It may be conceded that appellant had not only a contract obligation of his client for his attorney fee, but also a lien on the judgment and money getting into the hands of the clerk of the court in payment or settlement of the judgment, but that would not prevent him from recovering on a different remedy than that which he first pursued. He could pursue them together or separately. The remedies must be inconsistent before they come within the rule that constitutes a waiver under the election of remedies, or create an estoppel, and the remedies in this case are not inconsistent with each other.

"It is a general rule that if one having a right to pursue one of several inconsistent remedies, makes his election, institutes suit, and prosecutes it to final judgment or receives anything of value under the claims thus asserted, or if the other party has been affected adversely, such election constitutes an estoppel thereafter to pursue another and inconsistent remedy." (10 R. C. L. 703.)

"A person cannot be estopped from claiming property by acts which have neither injured nor prejudiced the one asserting the estoppel." (*Jacquart v. Jennings,* 118 Kan. 224, syl. ¶ 2, 235 Pac. 101.)

The appellant in this case has not been injured in any way. He has paid his attorney no more than he promised to pay, in fact less than half what he promised. The fact that the attorney might possibly have recovered the full amount of the fee from the defendant does not make it obligatory that he so recover it, nor was his attempt to do so inconsistent with his right to recover it from the money paid into court in settlement of the judgment.

We find no error in overruling appellant's motion as to the $250 in the hands of the clerk, nor in the order of the court directing the payment of the same to the attorney in settlement of the balance of his attorney fee.

The judgment is affirmed.