No. 29,419.

J. R. HYLAND, as Administrator of the Estate of Thomas H. McBerty, *Appellant,* v. ED HOGUE and THE NATIONAL SURETY COMPANY, *Appellees.*

(292 Pac. 750.)

Opinion filed November 8, 1930.

*J. R. Hyland,* of Washington, for the appellant.

*Edgar Bennett* and *A. C. Bokelman,* both of Washington, for the appellees.

The opinion of the court was delivered by

JOCHEMS, J.: This was an action brought against a guardian and his surety upon the guardian's bond, charging wrongful and negligent management of the estate of the ward. Plaintiff prevailed on one item sued upon and appeals on items on which the verdict was adverse to him.

On March 12, 1924, one Thomas H. McBerty, who was then a resident of Washington county, was adjudged to be a person of unsound mind and the appellee Ed Hogue was appointed as guardian. His bond was executed by the appellee National Surety Company in the amount of $28,000. He continued to look after the estate of the ward until about January 4, 1926, at which time he

filed his resignation as guardian. The probate court on the same date made an order accepting the resignation and ordering the appellee to deliver over the assets of the estate to his successor, J. R. Hyland, who was appointed as guardian for McBerty to succeed Hogue.

On November 5, 1926, Thomas McBerty died, and thereafter the guardian Hyland closed his account as guardian and was appointed administrator of the estate of the deceased. Subsequent to his resignation Hogue filed his final account to which the appellant Hyland filed objections. He served notice of these objections on counsel for the appellees Hogue and the National Surety Company and asked for a hearing thereon. Thereafter, on September 1, 1927, the probate court rendered judgment ordering the appellee Hogue to make a new report and refund and replace certain funds determined by the court to have been negligently and wrongfully handled, and further ordering that if this was not done within thirty days from that date, the appellant as administrator was directed to file suit upon the bond of the appellee Hogue. Appeal was taken from this judgment of the probate court to the district court and the district court reversed the probate court, holding in favor of the appellees. From that judgment appeal was taken to the supreme court and the judgment of the district court was reversed and the judgment of the probate court upheld in the case of *Hogue v. Hyland*, 127 Kan. 275, 273 Pac. 420. In that decision of this court the district court was directed to render judgment according to the mandate of the supreme court. This was done and thereafter, pursuant to the judgment of the probate court, the appellant filed this action against the appellees to recover upon the bond.

The petition stated one cause of action on the bond and recited substantially the foregoing facts. It alleged mismanagement of the estate and improper, illegal and unauthorized investment of the funds of the ward by Hogue without being authorized by the probate court. The petition set out six separate and distinct items upon which it was sought to charge the appellees with liability, the items being separate and distinct promissory notes owed by different individuals to the estate of the ward and aggregating a total of $12,615, together with interest thereon.

Trial was had to a jury; the jury rendered verdict against the appellees on one note, being referred to as the J. Pifer note, and fixed the amount of plaintiff's recovery at $1,475 with interest. As

to all other notes the jury found the issues in favor of the appellees. Motion for new trial was duly filed and thereafter, on December 21, 1929, the appellant served notice of appeal. On January 20, 1930, the appellees paid the amount of the judgment awarded against them to the clerk of the district court and on the same date the appellant received from the clerk of the district court the total amount of that judgment in the sum of $1,488.10. At the time of accepting payment of the judgment the appellant signed the following receipt:

"WASHINGTON, KAN., Jan. 20, 1930.

"Received of Geo. W. Dickson, clerk, the sum of $1,488.10, in payment of this judgment. This release not to affect remaining claim now in litigation and pending on appeal.　　J. R. HYLAND, *Administrator McBerty Estate.*"

. The appellees have filed a motion to dismiss the appeal based on the ground that by having accepted payment of the judgment the appellant has acquiesced therein, has waived any errors therein and cannot be heard to complain of the judgment, and for that reason the matter involved in this action is not now open to appellate review.

In reply to the motion to dismiss the appellant contends that inasmuch as his cause of action was founded upon six separate items that he could accept the judgment on the one item without impairing his right to appeal from the decision on the other items. He takes the position that it is divisible in such a manner that he can appeal from a part of the judgment and at the same time accept the benefits and not be estopped to proceed with his appeal. We have examined the many decisions of this court covering this question and find that from the early decision in *Babbitt v. Corby,* 13 Kan. 612, down to the present time it has steadfastly adhered to the rule that where an appellant has voluntarily accepted the benefits of a judgment he thereby waives any error. In the later case of *Seaverns v. State,* 76 Kan. 920, 93 Pac. 163, many decisions of this court on the question are cited. The more recent case of *Ralston v. Ralston,* 125 Kan. 619, 264 Pac. 146, was one in which it appeared that the appellant claimed to be the owner of an entire estate. Judgment was entered against him and the court found the title to be vested in certain heirs of the deceased and made an order in partition according to the respective interests as determined by the court. The appellant following the adverse decision of the court came in and elected to take a part of the property at its appraised value and later purchased two other tracts of the land involved in the suit.

His attorneys were paid their share of the attorneys' fees. In that case it was held:

"The proceedings considered in an action to partition real estate, and held that a claimant of the entire estate who elected to take some of the property at its appraised value, who purchased two other tracts for which payment was made out of his share of the proceeds and who accepted his allotment of attorney's fees, thereby acquiesced in the judgment and waived his right to appeal." (Syl.)

The same rule has been applied in the later cases of *Fadely v. Fadely,* 128 Kan. 287, 276 Pac. 826, and *Mickens v. Lawrence Paper Mfg. Co.,* 130 Kan. 149, 285 Pac. 624.

But the appellant contends that because in his receipt he expressly reserved the right to appeal by inserting therein the following language: "This release not to affect remaining claim now in litigation and pending on appeal," he clearly showed an intention not to be bound by the judgment therein, not to acquiesce therein and not to waive his right of appeal.

In *State v. Conkling,* 54 Kan. 108, 37 Pac. 992, the defendant was adjudged guilty of contempt and sentenced to pay a fine and stand committed until the fine and costs were paid. He paid the fine and costs under protest and declared he reserved the right to appeal. In discussing the appeal the court said:

"It appears that the sentence of the law has been executed, and nothing is left for further controversy. By his own act, Conkling has satisfied and discharged the judgment entered against him. His protest and attempt to reserve the right of appeal are unavailing. The statute does not provide for nor contemplate an appeal from a discharged judgment." (p. 108.)

In the case of *Bank v. Bracey,* 112 Kan. 677, 212 Pac. 675, the court said:

"In no case in which an appeal has been dismissed was it the intention of the party recognizing validity of the judgment to prejudice the appeal, and in several instances the intention not to prejudice the appeal was expressly declared." (p. 679. Citing the following cases: *Crouse v. Nixon,* 65 Kan. 843, 70 Pac. 885; *Waters v. Garvin,* 67 Kan. 855, 72 Pac. 902.)

The rule is founded upon the well-established principle that litigants must be consistent. They cannot be permitted to change and shift their position in an inconsistent manner. The orderly administration of justice is best advanced by a firm insistence upon this principle. It is simply an application of the homily that one cannot eat his cake and have it.

The motion to dismiss the appeal must be sustained. It is so ordered.