No. 31,214.

ALBERT C. CLOTHIER (Revived in the Name of S. E. VEATCH, Administrator), *Appellant* and *Cross Appellee*, v. R. BOYD WALLACE, Guardian of the Estate of Albert C. Clothier, a Feeble-minded Person, *Appellee* and *Cross Appellant*.

(22 P. 2d 462.)

Opinion filed June 10, 1933.

*C. M. Williams, D. C. Martindell* and *W. D. P. Carey*, all of Hutchinson, for the appellant and cross appellee.

*Robert Garvin, Evart Garvin* and *Morris Garvin*, all of St. John, for the appellee and cross appellant.

The opinion of the court was delivered by

JOHNSTON, C. J.: This appeal originated in an order of the probate court involving the approval of the final account made by R. Boyd Wallace, as guardian of the person and estate of Albert C. Clothier, found to be of feeble mind, who was afterwards adjudged to be restored to his right mind and competent to transact business, whereupon a final account was made to the probate court by the guardian, to which a judgment of approval was entered. An ap-

peal from that judgment was taken to the district court by Clothier, and that court finally dismissed the appeal. Clothier brings the case here for a review of the decision of the district court.

It appears that on April 17, 1925, Albert C. Clothier was adjudged in the probate court to be a feeble-minded person, and R. Boyd Wallace was appointed guardian of his person and estate. Wallace proceeded with his duties as guardian in the care of the person and estate of the ward until May 27, 1930, when Clothier was adjudged to be restored to his right mind and capable of transacting business. At that time Wallace was discharged from the care and custody of Clothier. Thereafter, on June 5, 1930, Wallace filed his final report as guardian to which Clothier filed exceptions, upon which a hearing was had upon evidence introduced by both parties. Exceptions were filed by Clothier to allowances made to his wife and to attorneys employed by the guardian in litigation that had been had, and for advice and assistance rendered to the guardian during the five-year period of his guardianship.

Another exception was that the guardian had failed to pay the taxes of 1929 on the property, upon which a penalty of $3.60 had been assessed, and it was insisted that this should be charged against the guardian. A certain amount of cash was found to be in the hands of the guardian, which, it was held, should be turned over to the ward, and this was done in open court, and the following receipt was taken and accepted at the time for the moneys paid out by the guardian and the securities and property turned over and accepted by Clothier:

"June 13, 1930, I hereby acknowledge receipt from R. Boyd Wallace, as guardian of the above estate, the sum of $176.92 cash, and the following securities, to wit: Note and mortgage of Nora E. Suedekum and A. E. Suedekum, covering S½ 3-28-45, Baca county, Colorado, $1,250, and interest coupons; also, note and mortgage of J. A. Curray and J. H. Curray, for $5,000 and interest coupons, covering lots 22 and 24, block 27, Maxwell's addition to Stafford, Kan.; also, note of J. A. and J. H. Curray for $187.50; total, $6,614.42, plus interest.                                         A. C. CLOTHIER."

In the district court Wallace moved to dismiss the appeal from the probate court on the ground that the acceptance of the money and property by Clothier as adjudged precluded an appeal from the judgment rendered. At the beginning of the trial in the district court that court first overruled the motion to dismiss the appeal and proceeded to examine the final account of the guardian and the

exceptions made thereto, upholding the allowances made by the probate court, except upon one made to the wife, but afterwards, on a motion for a new trial, the court concluded that it had erred in overruling the motion to dismiss the appeal and accordingly entered a judgment of dismissal. When the receipt was given and the money and property accepted by Clothier in open court as a part of the proceeds of the judgment, he indicated a purpose to appeal and asked the court to fix the amount of an appeal bond, which was done, and the question we have here is whether after taking and appropriating the money adjudged to him, including the penalty assessed against the guardian for his failure to pay taxes as well as receiving the securities and property turned over to him under the decision of the probate court, he can appeal from that decision.

It has been the consistent rule of this court that one may not appeal from an adverse judgment in which he has acquiesced, nor assert error in a judgment to which he has voluntarily conformed in whole or in part. He must be consistent in his conduct respecting an adverse judgment and cannot in one way recognize its validity and in another complain that it is invalid or erroneous. A real recognition of the validity of a judgment by a party bars him from an appeal and the insistance that it is erroneous.

In *Babbitt v. Corby, Adm'x*, 13 Kan. 612, a tax deed was set aside and Babbitt was given a lien for the taxes paid. He appealed from the judgment but subsequently accepted the money adjudged as a tax lien. Having accepted some of the benefits of the judgment, it was held he could not maintain his appeal.

In *Fenlon v. Goodwin*, 35 Kan. 123, 10 Pac. 553, where a party attached property and an order was made discharging it, whereupon the attaching plaintiff surrendered and caused the property to be delivered to the defendant, he was held not to be entitled to an appeal.

In *State v. Conkling*, 54 Kan. 108, 37 Pac. 992, a party found guilty of contempt of court and adjudged to pay a fine and costs, paid the fine under protest and discharged the judgment, stating that he reserved the right to appeal from the judgment, which he subsequently attempted to do. It was held that his protest and reservation were unavailing, and that an appeal from the judgment could not be allowed.

In *Railroad Co. v. Murray*, 57 Kan. 697, 47 Pac. 835, where a

money judgment had been rendered against the defendant, and the defendant, having secured prior judgment against the plaintiff, procured an order to be made setting off his judgment against that of the plaintiff, it was held that he thereby recognized the validity of the judgment against him and waived an appeal from it.

In *Waters v. Garvin*, 67 Kan. 855, 73 Pac. 902, an action to enjoin the collection of certain taxes, in which the county was defeated, the commissioners caused the costs of the action to be paid and then undertook to appeal from the judgment. It was held that even the payment of costs precluded an appeal.

In *Seaverns v. State*, 76 Kan. 920, 93 Pac. 163, a settler on school land had brought proceedings asserting his right as an occupant to purchase the land. His application was denied by the probate court, and he appealed. He afterwards purchased the land from the state at a public sale, and it was held that his purchase was inconsistent with a claim of error and that his appeal was rightfully dismissed.

In *State v. Massa*, 90 Kan. 129, 132 Pac. 1182, Massa was convicted of the commission of an offense upon a plea of guilty. He then paid the costs of the prosecution and later appealed from the judgment, and it was held that in his plea and payment of the costs he had recognized the validity of the judgment, and his appeal was therefore dismissed.

*Bank v. Bracey*, 112 Kan. 677, 212 Pac. 675, was another case wherein a party against whom a judgment was rendered had paid the costs after which he undertook to appeal, but it was held that he was barred of the right to appeal.

*Ralston v. Ralston*, 125 Kan. 619, 264 Pac. 146, was a partition action in which a party claiming all of the property was adjudged to have only a share in it, and there was an allotment to him and other claimants. The party claiming all of it elected to take some of the property at the appraised value, and also purchased other shares in the estate. Attorneys' fees in the case were allotted to the parties. He accepted the allotment of the attorneys' fees awarded him, and was held to have so acquiesced in the judgment as to bar his right to appeal from it.

In *Fadely v. Fadely*, 128 Kan. 287, 276 Pac. 826, an action involving the construction of a will and codicil in which attorneys' fees were allowed out of the funds of the estate, and where the appellant had accepted the allowance of the attorneys' fees, he was

held to have waived the right to appeal from a judgment which included the fee.

In *Hyland v. Hogue,* 131 Kan. 512, 292 Pac. 750, an action against a guardian and his surety upon the guardian's bond charged wrongful and negligent management of the estate, and it was held that where a party has a cause of action consisting of several items and judgment was rendered in his favor on one of them, but against him as to others, his acceptance of the amount allowed him bars his right to a review of the remainder of the items, although he undertook to reserve his right to proceed with the appeal.

In *Wilhite v. Judy,* 137 Kan. 589, 21 P. 2d 317, the appellant was prosecuted for the violation of a traffic ordinance. He had put up money and authorized the officer that in case he was convicted the amount of his fine and costs should be taken out of the cash bond. Upon his conviction the money so deposited was appropriated according to his direction. Afterwards he undertook to appeal, and it was held that by the payment so made he had acquiesced in the judgment and was not thereafter entitled to an appeal.

In an ejectment action to recover possession of land which plaintiffs jointly claimed under a will of their mother, judgment was rendered against them and in favor of defendant for costs, and plaintiffs took an appeal. Before execution was issued for the enforcement of the judgment, one of the two plaintiffs came in and paid the costs. On the motion to dismiss the appeal it was contended that an exception should be made where one of two defeated candidates paid the judgment for costs, but it was held that the payment was a satisfaction of the judgment and precluded an appellate review. (*Paulsen v. McCormack,* 133 Kan. 523, 1 P. 2d 259.)

Here the plaintiff accepted the money and property adjudged in his favor and executed a formal receipt for the same, and within the authorities it must be held that plaintiff recognized the validity of the judgment. His acceptance of some of the benefits of the judgment is a recognition that it is valid, and is wholly inconsistent with the theory that it is erroneous. The final account and settlement of the guardianship was a single and indivisible thing in the action and is not open to the contention of the plaintiff that it is subject to be treated as containing distinct and unrelated parts which might be reviewed. The plaintiff cannot accept as to one item of the final account and thus recognize the validity of the judgment and at the

same time reserve the right to appeal as to other items. (*Hyland v. Hogue,* supra.) Nor did the plaintiff's notice or announced purpose that he would appeal from the judgment save him from the effect of his recognition of validity, and waiver. (*State v. Conkling,* supra.)

It follows that the judgment dismissing the appeal ends the controversy between the parties and, hence, the other questions discussed by counsel raised on the trial in the district court do not require consideration.

The judgment of the district court dismissing the appeal is affirmed.