No. 32,267

CLAY BUCHAN, *Appellee*, v. N. BOYNS, THE PROVIDENT BUILDING, LOAN AND SAVINGS ASSOCIATION, *Appellant*, et al.

(44 P. 2d 268)

Opinion filed May 4, 1935.

*J. E. McFadden* and *O. Q. Claflin*, both of Kansas City, for the appellant.
*David F. Carson*, of Kansas City, for the appellee.

The opinion of the court was delivered by

BURCH, J.: The action was one to foreclose a tax bill issued against an unplatted tract of land. Subsequently the land was platted. The purchaser of a lot constituting what the purchaser said was one-fourteenth of the entire tract, asked that the lien be apportioned according to area, and that his lot be held for only one-fourteenth part of the lien. The district court refused to do that, and the purchaser of the lot appeals.

The tax bill statute provides for special assessment against specific property. When the amount chargeable against a tract is ascertained by ordinance, notice is given, and before a tax bill is issued, the owner may redeem. (R. S. 1933 Supp. 13-1084, 13-1085.) In this instance the owner of the unplatted tract might have redeemed. He did not do so, and the lien of the tax bill attached to each and every part of the entire tract. Platting the tract did not change the nature or extent of the lien, and any purchaser of a lot took subject to the lien.

When installments of the tax bill became in default the holder commenced suit to foreclose. After suit was commenced any person interested could pay the amount due on the tax bill, and accrued costs, to the clerk of the district court, and that would satisfy the tax

bill. (R. S. 1933 Supp. 13-1084.) In this instance nobody satisfied the tax bill.

The foreclosure procedure is prescribed by the tax bill statute. The holder of the tax bill recovers judgment establishing the lien, foreclosing it for the entire amount, and ordering "the said property," that is, the property subject to the lien, to be sold without redemption, and conveyed by the sheriff to the purchaser. (R. S. 1933 Supp. 13-1084.) This special procedure does not recognize apportionment according to area of lots, or otherwise, in case the tract subject to the lien has been subdivided.

The tax bill law was enacted in 1927. In that year the general tax law was amended to provide for division by the city clerk, on demand of an owner or the county clerk, of special assessments in proportion to value of lots. (R. S. 1933 Supp. 79-427.) If that statute applied, a subject on which the court expresses no opinion, the lot purchaser did not invoke it. If the statute did not apply, a lot purchaser has no statutory right to apportionment.

Independently of statute, the lot purchaser could have no equitable right to apportionment on the basis of lot area. The single lot might be needed as security for much more than one-fourteenth of the tax lien.

All the foregoing is advisory only. The lot purchaser bid at the foreclosure sale. Afterwards he appealed. Bidding at the foreclosure sale constituted recognition of the judgment, disqualified the lot purchaser from questioning the judgment here, and requires that the appeal be dismissed.

The appeal is dismissed.