THE KANSAS CITY, FORT SCOTT & MEMPHIS RAILROAD
COMPANY v. JAMES C. MURRAY.

No. 10626.

APPELLATE PROCEDURE — *obtaining allowance of set-off against*
*money judgment, bars error to reverse it.* A party against
whom a money judgment has been recovered, who procures an
order of court for its partial satisfaction by setting off against
it a like judgment in his own favor for a smaller amount, will
be held to have recognized thereby the validity and justice of
such judgment against himself, and to have waived his right
to prosecute error therefrom.

*Error from Johnson District Court.*
*Hon. John T. Burris, Judge.*

DISMISSED.                OPINION FILED FEBRUARY 6, 1897.

*Wallace Pratt* and *Charles W. Blair*, for plaintiff in
error.

*I. O. Pickering*, for defendant in error.

DOSTER, C. J.    This is the second time this case
has been brought to this Court by the plaintiff in
error.    In each instance the proceeding was based
upon a judgment for damages for bodily · injuries.
Upon the hearing of the first case the judgment was re-
versed and a new trial ordered. *K. C., F. S. & M. Rld.*
*Co. v. Murray*, 55 Kan. 336.    The order of reversal
included a judgment against the defendant in error
and in favor of the plaintiff in error for $54.40, — the
costs of this Court.    The judgment, though nominally
in favor of the plaintiff in error, was one in which
the officers of the Court were beneficially interested,
and the amount of it was therefore paid to them by
the plaintiff in error.    Upon a second trial of the case
the verdict was again returned against the plaintiff in
error, defendant below ; and after the overruling of its
motion for a new trial and the rendition against it of

the judgment which is now in question, it moved the Court below for an order offsetting, against such judgment, the judgment for costs which it had formerly recovered in this Court against the plaintiff, now defendant in error. To this the defendant in error consented. The credit or offset was thereupon allowed, and the judgment satisfied *pro tanto*. The defendant in error now moves for a dismissal of the case from this Court, upon the ground that such demand for credit on the judgment, the allowance thereof, and the consequent partial satisfaction of such judgment, were such a recognition of its validity and justice as to constitute a waiver of the right to prosecute error therefrom. The plaintiff in error contends against this motion, because, as it says, the rule of estoppel applies only in cases where the complaining party has accepted, under the judgment against him, some benefit constituting a part of the same ; that inasmuch as the judgment it asked to offset, and for which it received credit on the judgment below, was in nowise connected therewith, but evidenced a right counter to such judgment and not a right under the same, it should not be held to have waived its right to prosecute error from the unpaid residue ; that in the event of a reversal of the case in this Court, the judgment complained of, and, per consequence, the order to offset and for partial satisfaction, would be vacated, which would fully restore to the parties their former rights ; and, furthermore, that the defendant in error, having consented to the offset and partial satisfaction, should not, as a reason for denying the claim of error, now be heard to urge that to which he agreed. None of these reasons in resistance to the motion to dismiss appear sound.

If the motion for offset and partial satisfaction, and

the order allowing the same, would of themselves constitute a waiver of the errors complained of, their effect could not be neutralized by the plaintiff's consent thereto.    So far as the compensation *pro tanto* of one judgment by the other is concerned, the law required it; and the plaintiff was compelled to submit thereto whether he consented or not.    His consent to the order of offset and satisfaction is no estoppel upon his right to urge a dismissal of the case; for the law imposed the obligation upon him without his consent. *Turner v. Crawford*, 14 Kan. 499; *Read v. Jeffries*, 16 id. 534; *Herman v. Miller*, 17 id. 328.

It may be granted that the effect of a reversal of the case by this Court would be to vacate the judgment complained of, and to restore the other one to its condition as a valid, subsisting claim; but the question does not relate to the effect of its reversal as an erroneous or unjust judgment, but to the effect of its recognition by the plaintiff in error as a just and valid judgment.    It may also be admitted that asking and obtaining the credit or the offset against the judgment, was not the acceptance of a benefit which formed a constituent part of the judgment.    It was, however, an admission of its validity and justice; an acceptance of it as right and proper; an abandonment of further contest over the matter in dispute.    No one can make payment upon a demand against him, entire and indivisible in character as was this judgment, without being taken to admit it as a just and indisputable claim.    Upon no other ground can the doctrine of waiver by voluntary payment be rested. The credit or offset was in legal contemplation a payment on the judgment; as much so as if it had been made in money.    It was the parting by the plaintiff with a thing of value, and its application towards the

satisfaction of a legal demand. The fact, if it be such, that the plaintiff below, the defendant in error here, was and is insolvent, as suggested by counsel, does not alter the legal rule. We cannot frame an issue in this case to determine the charge of insolvency. Except in cases where that can properly be done, the law will esteem the judgment as valuable.

The counsel for plaintiff in error have supplemented their printed and oral arguments made on the hearing of the motion to dismiss, with an additional brief set out in their petition for rehearing, to which we have given careful attention. It is strenuously insisted that the foundation of the principle supporting the motion to dismiss is the doctrine of estoppel. We grant it. But estoppel because of what? Not necessarily because of benefits received under the judgment, which it would be inequitable to retain while repudiating the disadvantages of such judgment; but estoppel because of conduct inconsistent with a claim of invalidity and injustice in such judgment. No one in a legal controversy can be heard to say to his adversary,—"Your judgment against me is erroneous and unjust, and my purpose is to demonstrate such to be the case to the appellate courts, but, nevertheless I will pay off a portion of it;" or will be heard to say, "I demand that you accept from me as a credit on your erroneous and unjust judgment what you owe me in respect of another account."

Every case cited by counsel in which it was held that the conduct of the appealing party did not constitute a waiver of the right of appeal, is a case in which such conduct was entirely consistent with a claim of error in the judgment appealed from. Thus, *Embry v. Palmer*, 107 U. S. 3, largely relied upon by them, is a case in which a party was enjoined from

suing on a judgment, on condition that the judgment debtor pay into court a portion of the sum, admitted by him to be due. The payment was made, and accepted by the appealing party, and the Court quite properly said :

"The amount awarded, paid and accepted constitutes no part of what is in controversy. Its acceptance by the plaintiff in error cannot be construed into an admission that the decree he seeks to reverse is not erroneous."

In the case at bar the sum of $54.40, the portion of the plaintiff's judgment which the defendant demanded should be satisfied by the offset of its claim to that amount, wás in controversy. The defendant denied throughout the trial that it owed that sum, or any sum whatever. The sum was an inseparable portion of the entire judgment; and a recognition of the validity and binding force of that portion of such judgment, cannot in law be regarded otherwise than as a recognition of the validity and binding force of the whole.

Whosoever litigates a claim, and, being defeated, pays the judgment, or surrenders the subject-matter of the controversy, waives his right to prosecute error therefrom. *The State v. Conkling*, 54 Kan. 108 ; *Fenlon v. Goodwin*, 35 id. 123. It is no answer to say that in these cases the entire judgment was paid, or the whole subject of controversy surrendered. There is no difference in principle between paying all or a part, or surrendering all or a part, of a legally entire and indivisible thing.

Counsel likewise claim that the orders of offset and partial satisfaction were necessary precautions to save the plaintiff in error from loss. Why necessary at the time such orders were made? The right of offset

and satisfaction would have been as available after the decision of the case in this Court, should it have been affirmed, as before.

We are quite clear the petition in error should be dismissed, and it is so ordered.

All the Justices concurring.