THE STATE OF KANSAS v. RUBY HEDGES *et al.*
No. 13,425.    (72 Pac. 528.)

SYLLABUS BY THE COURT.

PRACTICE, JUSTICE OF THE PEACE—*Appeal after Plea of Guilty.*
By the provisions of section 5826, General Statutes of 1901, a de-
fendant who pleads guilty to a misdemeanor before a justice of
the peace may prosecute an appeal to the district court from
the judgment rendered against him, although such judgment is
clearly within the authority of the justice.

Appeal from Nemaha district court; WILLIAM I.
STUART, judge.    Opinion filed May 9, 1903.    Reversed.

*C. C. Coleman,* attorney-general, and *S. P. Nold,*
county attorney, for The State.

*S. K. Woodworth,* for appellants.

The opinion of the court was delivered by

GREENE, J. : The appellants were charged in a com-
plaint before a justice of the peace with disturbing the
peace.    Upon being arrested and brought before the
justice they pleaded guilty, and were sentenced to the
county jail for a period of sixty days, and adjudged to
pay the costs.    The defendants appealed to the district
court.    The state filed a motion in that court to dis-
miss such proceeding for the reason that an appeal
would not lie from a judgment of a justice of the

peace upon a plea of guilty where such judgment was clearly authorized by law.   This motion was sustained, and the cause remanded to the justice's court whence the appeal had been prosecuted.

The only question for our consideration is, May a defendant against whom a judgment has been rendered by a justice of the peace upon a plea of guilty of the commission of a misdemeanor appeal from such judgment, where the judgment is clearly within the authority of such court?   The statute important to a full understanding of the question is section 5826, General Statutes of 1901 :

"The defendant shall have the right of appeal from any judgment of a justice of the peace imposing fine or imprisonment, or both, under this act, to the court having criminal jurisdiction of the county, which appeal shall be taken immediately upon the rendition of such judgment, and shall stay all further proceedings upon such judgment."

This statute appears to give the right of appeal, regardless of the manner the justice became informed of the guilt of the defendant—whether by verdict of a jury or plea of guilty.   The right of appeal is not limited or restricted to cases wherein the fact of defendant's guilt is found from the evidence introduced on a formal trial.   It is the judgment pronounced upon the fact from which he may appeal, and not the finding of the fact.   Whether it is policy to grant an appeal when the party charged with an offense waives a trial and pleads guilty must be referred to another department of government.   The statute authorizes it.

The judgment of the court below is reversed and the cause remanded.

All the Justices concurring.