The State v. Massa.

---

THE STATE OF KANSAS, *Appellant*, v. ROCK MASSA, *Appellee.*

No. 18,644.

SYLLABUS BY THE COURT.

1. CRIMINAL LAW—*Plea of Guilty—Continuance for Sentence—Jurisdiction Not Lost.* A justice of the peace did not lose jurisdiction by continuing a case for thirty days for sentence upon a plea of guilty, where he secured the attendance of the defendant in eight days after the continuance and passed sentence upon him.

2. ——— *Plea of Guilty—Costs Paid—Right of Appeal Lost.* The defendant in the case above referred to at the time of entering his plea paid the costs, but after sentence was pronounced appealed from the judgment. By paying the costs he acquiesced in the anticipated judgment and recognized its validity, and his appeal should be dismissed and the sentence executed.

Appeal from Cherokee district court. Opinion filed June 7, 1913. Reversed.

9—90 KAN.                    +

*John S. Dawson,* attorney-general, for the appellant; *W. P. Montgomery,* of Topeka, of counsel.

*C. B. Skidmore,* of Galena, for the appellee.

The opinion of the court was delivered by

BENSON, J.: This is an appeal by the state from orders of the district court, the effect of which was to discharge the defendant.

The defendant was arraigned before a justice of the peace for a violation of the prohibitory liquor law, and pleaded guilty and paid the costs. Thereupon, on motion of the county attorney, the case was continued for thirty days for sentence. Eight days later an assistant attorney-general appeared before the justice and moved for an attachment against the defendant, which was issued; thereupon he appeared and was sentenced to pay a fine of $100, and to confinement in the county jail for thirty days. From this judgment the defendant appealed to the district court, and there moved to strike the case from the docket and files, "for the reason that the judgment and sentence of the justice of the peace, of which this action is an appeal, was void, as shown by the transcript on file herein."

The attorney-general moved for an order to remand the appeal to the justice of the peace for execution of the judgment. These motions were heard together. The motion of the state was overruled, and that of the defendant was sustained.

It is contended that the justice lost jurisdiction by the continuance entered upon his docket. This was only a postponement of the judgment which it was his duty to enter. (Jus. Crim. Code, § 17.) It was held, in *In re Terry,* 71 Kan. 362, 80 Pac. 586, that the fact that a justice of the peace postpones sentence for a brief time, upon a plea of guilty, does not defeat his jurisdiction. It was said in that case that there was no indefinite suspension of sentence. Neither was the

postponement here indefinite. It does not appear that a general suspension was intended, for the defendant paid the costs, which must be a part of the judgment. It was said in the case of Terry that the sentence might be pronounced within a reasonable time in the orderly course of business. The postponement here was at the instance of the county attorney, who may have desired to make some investigation for the information of the court in passing sentence. The fact that the appearance of the defendant was secured earlier did not impair the authority of the justice to proceed as the law required when he did appear. Whatever motive may have existed for the postponement noted on the docket or for proceeding at an earlier date, a sense of official duty appears to have prompted the court to render judgment sooner than had been thought necessary. This was not a case of a general suspension, indicative of a purpose to pronounce sentence or not, as the justice might at some indefinite time determine, a practice disapproved in *The State, ex rel., v. Sapp,* 87 Kan. 740, 125 Pac. 78. It was said in that case:

"A court may postpone the rendition of judgment in a criminal case, and has a practically unlimited discretion in that regard, so long as the imposition of a sentence as a matter of course at some time remains in contemplation." (p. 741.)

The limitation of authority of a district court respecting sentences, to a particular term, stated in syllabus No. 2 in that case, does not apply to a justice of the peace. Still judgment should be rendered within a reasonable time, as held in the Terry case. The limitation prescribed in section 45 of the criminal code upon adjournments of preliminary trials or examination upon charges of felony is not deemed applicable to trials in justices' courts for misdemeanors.

The defendant had pleaded guilty. He was present for judgment. The court still had jurisdiction. Sentence was pronounced as the statute required. The

judgment was not void, and the motion of the defendant ought to have been overruled.

The motion of the attorney-general to remand the appeal to the justice for execution of the judgment—in effect to dismiss the appeal—rests upon the claim that an appeal does not lie in the circumstances here shown.

It was held in *The State v. Hedges,* 67 Kan. 176, 72 Pac. 528, in a brief opinion resting upon the terms of the statute, that a defendant may appeal from the judgment of a justice of the peace rendered upon his plea of guilty. One reason for that construction of the statute may be that a milder sentence might be pronounced in the discretion of the appellate tribunal. That reason fails here, for the minimum punishment was assessed. Without deciding, however, that an appeal will not lie from a judgment inflicting the minimum penalty, it is believed that the appeal should be dismissed because the defendant has complied in part with the anticipated judgment by paying the costs, thereby recognizing its validity. Many cases in this court hold that because of the inconsistency arising from a compliance, in whole or in part, with a judgment, and an appeal therefrom, an appeal can not be sustained. The cases are classified and followed in *Seaverns v. The State,* 76 Kan. 920, 93 Pac. 163.

The payment of a fine in a contempt proceeding, upon a judgment for fine and costs, although made under protest, is held to be a waiver of a right to appeal. (*The State v. Conkling,* 54 Kan. 108, 37 Pac. 992, 45 Am. St. Rep. 270.) Payment of costs upon a judgment for an injunction and costs is held to be such a compliance that proceedings in error should be dismissed. (*Waters v. Garvin,* 67 Kan. 855, 73 Pac. 902.) The rule rests upon the recognition of the judgment as valid. (*Railroad Co. v. Murray,* 57 Kan. 697, 47 Pac. 835; 12 Cyc. 807, 808.) This recognition is shown by partial as well as by full compliance. A judgment in

such a case could not be valid as to costs and invalid as to fine and imprisonment. The payment of the former admits the finality of the latter.

While the judgment had not been entered when the costs were paid, there could be no other sanction for their imposition. The judgment was anticipated as a certain event, and complied with in this respect by a deposit of the amount to be applied when rendered, that being the legal effect of the advance payment.

It was held in *Bradley v. Rogers,* 33 Kan. 120, 5 Pac. 374, that a party in ejectment who proceeded after verdict under the occupying-claimant act was estopped from prosecuting proceedings in error to reverse the judgment, although it had not been rendered when the election to so proceed was made. The court said:

"It is true that the foregoing demand, for a jury to assess improvements, was made before the judgment was rendered; but we do not think that that can make any difference. It was made after the verdict and findings of the jury were rendered." (p. 124.)

So here the payment was made after the fact of guilt was established by the plea, and an analogous situation is presented.

The orders appealed from are reversed and the cause remanded with directions to overrule the defendant's motion and sustain the motion of the state.