Durland Trust Company, appellant, v. Howell M.
Uttley et al., appellees.

Filed April 19, 1919. No. 20100.

1. **Judgment:** Motion to Vacate: Payment. After a judgment has
   been paid in full and the cause dismissed, a motion to set it aside
   presents no issue.

2. **Appeal:** Theory of Case. A motion that states sufficient facts
   for a petition for damages on account of fraud will be regarded
   as a petition for that purpose if the parties appear and try the
   issue presented.

3. **Appearance.** The district court has jurisdiction of actions for
   fraud, and may obtain jurisdiction of the person of the defend-
   ant if he appears and asks a dismissal wholly upon untenable
   grounds.

4. **Pleading:** Sufficiency After Judgment. If a pleading alleges
   facts which entitle the pleader to relief, and there is a complete
   trial of the issue which it was plainly intended to present, with-
   out objection which would challenge technical defects in the
   pleading, such pleading will be regarded sufficient after judg-
   ment.

5. **Appeal:** Affirmance. When a common-law action is tried to the
   court without demand for jury, the findings and judgment upon
   substantially conflicting evidence will not be reversed upon ap-
   peal unless it is clearly wrong.

·Appeal from the district court for Holt county:
William H. Westover, Judge. *Affirmed.*

*Mapes & McFarland,* for appellant.

*H. M. Uttley, contra.*

Sedgwick, J.

The plaintiff recovered a judgment against these de-
fendants in the district court for Holt county foreclos-
ing a real estate mortgage. An order of sale was
issued on the judgment. Sale was made and duly re-
ported to the court. Objections to the confirmation were
filed, and, before the sale was confirmed, the judg-
ment was paid in full and the cause formally dismissed

upon the record.   Afterwards the defendants filed a
motion to reinstate the case upon the docket, and to
set aside and cancel the decree and judgment "for
fraud practiced by the plaintiff in said action upon the
court as well as upon these defendants."   The motion
closed with a prayer that upon the final hearing the
defendants may have judgment against the plaintiff
for "the sum of $274.99, the amount by them so wrong-
fully and unlawfully received and collected."

The motion states no ground for relief, unless it may
be regarded as a petition for damages on account of
the alleged frauds, and for that purpose, of course, fails
to state a cause of action in not alleging when the
frauds were discovered and why they were not sooner
brought to the attention of the court.   When the defend-
ants, who were virtually the plaintiffs in the proceeding,
offered their evidence, the plaintiff objected to pro-
ceeding with the trial "for the reason the court has no
jurisdiction over the person of the plaintiff or over
the subject-matter."   It was then stipulated that the
foregoing objection should apply to all of the evi-
dence, and the trial proceeded.   The court, of course,
had jurisdiction of the action for fraud, and defendants
had already taken such steps as amounted to an ap-
pearance.   The whole proceeding is a peculiar one, and
we cannot say that, upon the issues actually submitted
to and tried by the court, the evidence is insufficient to
support the findings of the trial court.

The judgment of the district court is therefore

AFFIRMED.