No. 31,099.

DAVID W. WILHITE, *Appellant*, v. LEE JUDY and BINA S. QUICK, *Appellees.*

(21 P. 2d 317.)

Opinion filed May 6, 1933.

*David W. Wilhite*, of Kansas City, Mo., for the appellant.

*Alton H. Skinner, George H. West, John C. O'Brien, James K. Cubbison* and *William H. Towers*, all of Kansas City, for the appellees.

The opinion of the court was delivered by

JOHNSTON, C. J.: David W. Wilhite brought this action against Lee Judy, police judge, and Bina S. Quick, as clerk of the police court, to compel defendants to accept and to prove an appeal bond in an attempted appeal from a judgment of the police court. It was determined that plaintiff was not entitled to the writ, and plaintiff appeals from the judgment of the district court.

Plaintiff was arrested for violation of a traffic ordinance of the city in driving through a stop sign on the street, and put up a cash bond of $7.50 for his appearance in police court the following morning. He did appear, and the trial resulted in his conviction and a fine of $3.50 was adjudged against him, after which he left the court room without taking any action. He had authorized the chief of police that in case he was convicted the officer should take the amount of his fine and costs out of the cash bond he had posted when arrested. The following is a copy of the written authority:

"If I fail to appear in police court at 8 a. m. June 24, 1932, or at any time to which this case may be continued, we and each of us authorize the chief, captain of police or police judge, to forfeit this bond. And if found guilty when tried, each of us authorize the chief or captain of police to take such fine and cost out of this bond.                    DAVID W. WILHITE."

The chief of police, in accordance with the authority given, took the money deposited and placed it with the city treasurer, it being the duty of the chief of police to make daily returns of all fines paid by offenders. Three days later Wilhite appeared and presented to

the police court an appeal bond and asked to have it accepted and approved, but the fine having been paid, the judgment discharged and the money placed with the city treasurer, the court denied the application. Wilhite then brought this mandamus action in the district court to compel the approval of the appeal bond presented, but the district court refused to grant the writ and this appeal followed.

When the adjudged fine had been paid as the plaintiff directed, the judgment was satisfied and discharged and the prosecution effectually ended. The payment constituted an acquiescence of the judgment and necessarily defeats an appeal. The plaintiff states that immediately after the conviction he applied in the city clerk's office for a blank appeal bond and was told he would have to wait until court, then sitting, was over. He did not prepare and present a bond and did not tender an appeal bond until three days later when the fine had been paid out of the deposit as he had directed. It was not incumbent on the clerk to procure a blank for the use of plaintiff nor to assist in the preparation of a bond. He knew how to effect an appeal and could in a few minutes have written a bond containing the provisions in the ordinary blank. It is to be noted that the defendant did not countermand the order to use the deposit he had made to pay the fine if he was found guilty, and it constituted ample authority for its application in discharge of the judgment. It has been expressly decided that payment of fine and costs bars an appeal from the judgment imposing them. A defendant cannot yield obedience to a judgment and afterwards appeal from it. He cannot do so even though the judgment is paid under protest and where in complying with the judgment he undertook to reserve the right of appeal. (*State v. Conkling,* 54 Kan. 108, 37 Pac. 992.) It was there said:

"It appears that the sentence of the law has been executed, and nothing is left for further controversy. By his own act, Conkling has satisfied and discharged the judgment entered against him. His protest and attempt to reserve the right of appeal are unavailing. The statute does not provide for nor contemplate an appeal from a discharged judgment."

See, also, *Fenlon v. Goodwin,* 35 Kan. 123, 10 Pac. 553; *Railroad Co. v. Murray,* 57 Kan. 697, 47 Pac. 835; *Seaverns v. The State,* 76 Kan. 920, 93 Pac. 163; *State v. Massa,* 90 Kan. 129, 132 Pac. 1182; *Bank v. Bracey,* 112 Kan. 677, 212 Pac. 675; *Hyland v. Hogue,* 131 Kan. 512, 292 Pac. 750; *Paulsen v. McCormack,* 133 Kan. 523, 1 P. 2d 259.

The court ruled correctly in denying the writ of mandamus and its judgment is therefore affirmed.