No. 32,362

CHRISTINA HOWELL, *Appellee,* v. J. D. HOWELL, *Appellant.*

(46 P. 2d 866)

Opinion filed July 6, 1935.

*E. B. Skinner,* of Junction City, for the appellant.

*James V. Humphrey* and *Arthur S. Humphrey,* both of Junction City, for the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.: This was an action by Christina Howell against her husband, J. D. Howell, for separate maintenance and alimony. She charged the appellant with adultery and extreme cruelty. The trial court decided in her favor, awarding her alimony. It is claimed the award was excessive.

It was shown that she had contributed to the family treasury a gift from her father of $1,700 and her earnings from sewing of $300 to $480 per year, amounting in all to about $9,600. She was given the residence, the household goods, an automobile and a life estate in a garage building, subject to a $1,500 mortgage and taxes. Appellant was given two automobiles and all other property owned by him, including the Pierce note for $6,000, of doubtful value, and other notes aggregating $570, and the remainder in the property after appellee's death.

After the judgment was rendered against appellant, he voluntarily paid the costs in the case. Plaintiff has filed a motion to dismiss the appeal on the grounds of voluntary payment of the costs by the appellant. It is stated that payment of the costs is an acquiescence in the judgment which under the authorities waives the right to an appeal and leaves nothing for us to consider. The plaintiff cites the following cases, and many others might be cited: *Waters v. Garvin,* 67 Kan. 855, 73 Pac. 902; *State v. Massa,* 90 Kan. 129, 132 Pac. 1182; *Round v. Power Co.,* 92 Kan. 894, 142 Pac. 292; *Bank v. Bracey,* 112 Kan. 677, 212 Pac. 675; *Highland v. Hogue,* 131 Kan. 512, 292 Pac. 750; *Paulsen v. McCormack,* 133 Kan. 523, 1 P. 2d 259; *Buchan v. Boyns,* 141 Kan. 901, 44 P. 2d 268.

Following these authorities, and the showing of the voluntary payment of costs by the appellant, it must be held he thereby acquiesced in the judgment, and hence this appeal is dismissed.