### No. 37,435

In the Matter of the Application of RAYMOND BAIR, a minor, by his natural guardian and next friend, F. F. BAIR, for a writ of Habeas Corpus.

### No. 37,469

THE CITY OF GOODLAND, *Appellee*, v. RAYMOND BAIR, *Appellant.*

(199 P. 2d 807)

Opinion filed November 30, 1948.

*Thomas H. Taggart,* of Goodland, argued the cause, and was on the briefs for the appellant.

*Charles G. Dockhorn,* of Goodland, was on the briefs for the appellee.

The opinion of the court was delivered by

HARVEY, C. J.: The above cases grew out of the same controversy and the records are so mingled that they may best be disposed of in one opinion. From the record it appears that about one o'clock on the morning of July 2, 1947, Raymond Bair was drunk on the

streets of the city of Goodland and disturbing the peace, particularly in the vicinity of the Cameron Alley residence; that he was arrested on view by Bob Gordanier, police officer of the city, and taken to the city jail, where he was locked up. The next morning officer Rummel filed a complaint in the police court charging Raymond Bair with appearing on the public streets in a drunken and intoxicated condition, contrary to the city ordinance. This was given No. 45 on the police docket and the police judge issued a warrant for his arrest. On the same day officer Gordanier also filed a complaint charging Raymond Bair with disturbing the peace of the citizens of Goodland in the vicinity of the Cameron Alley residence by using loud and boisterous language and fighting, contrary to the ordinance of the city. Shortly after noon of the same day Raymond Bair was brought into police court, informed of the charges against him, and he entered a plea of guilty to both of them and was sentenced by the police judge to pay a fine of $25 and costs and to be committed to the city jail for thirty days in each case, the jail sentences to run consecutively. Raymond Bair paid the fines and costs and was committed to the city jail. The next day he appealed both cases to the district court and gave bond and was released from jail. In the district court the city attorney filed a motion in each case that it be remanded with directions to carry out the sentence of the police court. On April 5, 1948, the cases came on for hearing in the district court. The court expressed the view that there should have been but one complaint, and while the record before us is not very clear, apparently the court remanded case No. 45 to the police court for the execution of the sentence and remanded case No. 46 with directions that it be dismissed. On April 24 a commitment was issued out of police court in case No. 45, under which defendant was taken into custody and committed to the city jail. On April 28 F. F. Bair, the father of Raymond Bair, filed habeas corpus proceedings in the district court predicated upon the ground that the sentences imposed in both the cases were void. Upon that application a writ was issued to the police judge and the chief of police, returnable in court on May 18. On that date there was a hearing upon the application for the writ in which the court again adjudged "that case numbered 46 in said police court was wrongfully brought and should be dismissed; that the said Raymond Bair be and he is remanded back to the custody of the chief of police of Goodland, Kan., for the execution of the

sentence in case numbered 45 in said police court." From this judgment an appeal was promptly taken to this court both in the habeas corpus proceeding and in case numbered 45 in the police court. These are the appeals now before us.

We first discuss the habeas corpus case, our No. 37,435. Petitioner alleged that he was the natural guardian and next friend of Raymond Bair, a minor; that the police court of the city of Goodland was acting unlawfully and beyond its jurisdiction as to Raymond Bair, who was unlawfully deprived of his liberty by Arthur Kemp, the police judge, and by Gordon Austin, marshal of the city of Goodland; that on the night of July 1, 1947, Raymond Bair was arrested by the police of Goodland and placed in the city jail; that on the afternoon of July 2 he was brought before the police judge, Arthur Kemp, who told him he should pay $63 into court (this was the amount of the fine and the costs in the two cases); that not knowing the nature of the proceedings, or his rights, he thought the $63 payment was bond for his appearance at the trial, and that immediately after the payment was made, the police judge committed him to jail for sixty days and he was taken to the city jail; that no trial was had; that neither the police judge nor officers of the court informed him that he was on trial or read to him the complaint or warrant; that the warrant was not served upon him and he was not informed of his rights or given an opportunity to consult with counsel. It was further alleged that Raymond Bair was eighteen years old at the time of his arrest; that he was born in Sherman county and had lived there all his life; that he had no education other than the eighth grade in a country school; that he was engaged in farming and was not familiar with police court procedure in the city of Goodland and was not given an opportunity to consult with an attorney or with his parents, and that he did not know that he had been tried and convicted until after he had been committed to jail. There were further allegations about the complaints and that both complaints were for the same offense. It was alleged the imprisonment was illegal for the reason he had never been given a trial on the offense charged; that he was not advised by the officers that he was on trial; that the complaints and warrants charging him with the offenses were not read to him; that he was not advised of the offenses with which he was charged, and not served with the warrants prior to the trial; that in issuing

the warrants the police judge did not endorse thereon the amount of bail required; that he was not informed of his rights or given an opportunity to consult counsel, was not arrested on view by the police, nor given an opportunity to confront his accusers; that the police judge was biased and prejudiced; that he was caused to pay money into court by trickery and coercion on the part of the police judge, and that the police judge violated the intent and meaning of G. S. 1935, 62-1449, in permitting two complaints to be heard and sentence imposed for the same offense, which should have been included in one count. The prayer was that the judgment rendered against defendant in the complaints Nos. 45 and 46 be set aside and defendant be permitted a trial on such complaints and that he be discharged from unlawful restraint.

The writ was served upon the police judge, who filed a return, stating that neither at the time of the issuance of the writ nor at the time of the return did he have Raymond Bair in his custody, and therefore he could not bring his body before the court. The writ was also served upon Gordon Austin, chief of police, who filed a return that on April 24, 1948, the police court issued a commitment in case No. 45 to commit Raymond Bair to the city jail in Goodland; that Raymond Bair was taken into custody and was now detained by virtue of such commitment, a copy of which was attached, and that under the writ he brought the body of Raymond Bair before the court. It further alleged that neither at the time of the allowance of the writ nor at any time since was Raymond Bair in his custody under case No. 46 in the police court.

At the trial Raymond Bair gave testimony tending to support the allegations in the petition for the writ. Upon cross-examination he testified that on an occasion prior to July, 1947, he had been arrested by the same officers for being drunk in the city of Goodland, was taken before the same police judge and entered a plea of guilty; that his father was there and paid his fine; that he was sentenced to a term in the city jail; that while an inmate of the city jail he had attempted to tear it up; that he had broken a window and broken some of the plumbing, and that his father came in and paid the city for the damage to the jail. On behalf of respondents, the police judge, the chief of police and Bob Gordanier, who assisted in making the arrest, testified. Dale Rummel, who assisted in making the arrest, had moved to Missouri and was not available as a wit-

ness. The testimony of the officers was to the effect that when Raymond Bair was brought into police court on the afternoon of July 2 the officers who testified and the city attorney were present; that Raymond Bair was fully advised of the offenses with which he was charged and stated he wanted to plead guilty. He was asked if he did not want an attorney, and even the name of his present attorney was suggested to him, but he said that he did not need an attorney; that he knew he was guilty and that an attorney could do nothing for him; that he was asked if he did not want his folks notified, and he stated he did not because they were busy in the harvest and he did not want to bother them; that he voluntarily entered his plea of guilty and in doing so was fully aware of what he was doing; that in each of the cases, Nos. 45 and 46, he was sentenced to pay a fine of $25 and costs amounting to $6.50, and was committed to the city jail for thirty days, the sentences to run consecutively; that he wanted to pay his fine by check, but the police judge told him he would have to have the money. He asked permission to go to the bank to get the money to pay his fines and costs. He was permitted to do so and came back and paid the fines and costs in full and was committed to jail.

In denying the writ and remanding Raymond Bair to the custody of the city marshal under the commitment which had been issued the court reviewed the evidence and said:

"This young man had been in jail before. He had been intoxicated before. He knows his way around. His evidence shows he knew what he was being charged with. The court doesn't believe his testimony in reference to the fact that he believed he was putting up bond. The court doesn't believe his testimony when he testified he wasn't advised that he was entitled to have counsel, if he wanted it, or that he wasn't entitled to have his folks come in. . . . I don't think this young man told the truth. . . . He has been a kind of a 'problem child.' He has been married twice. He is not just a young tender youth. . . . I think from the evidence I have heard in this case this boy has not been a good boy. He has been a bad boy; and he isn't entitled to any more consideration than any other boy, or bad boy in the community, and he should be punished. I don't think he has been unreasonably punished. I believe every word that has been testified here, as far as the officers are concerned. I don't think any advantage has been taken of him whatsoever."

In view of this record and the judgment and finding of the court it is clear that the court did not err in denying the writ of habeas corpus.

Our case No. 37,649 is an appeal from an order of the district court dismissing the appeal from the police court to the district court in case No. 45. Appellant cites G. S. 1935, 14-815, which provides that in all cases from the police court arising under a city ordinance an appeal must be taken to the district court within ten days, and the cases of *State v. Hedges,* 67 Kan. 176, 72 Pac. 528, and *Pinaire v. Beaver,* 164 Kan. 593, 191 P. 2d 176, holding that the appeal may be taken within the time provided by the above statute, even though the appellant had entered a plea of guilty in the police court. The trial court did not dismiss the appeal from the police court upon the ground that it had not been taken in time. The appeal was dismissed because the evidence clearly showed that the appellant, while in the police court, voluntarily paid the fines and costs. Under our many decisions, as well as decisions from other states, he had waived his right to appeal. See *State v. Conkling,* 54 Kan. 108, 37 Pac. 992; *State v. Massa,* 90 Kan. 129, 132 Pac. 1182; *Mortgage Co. v. Insurance Co.,* 97 Kan. 190, 155 Pac. 17; *State, ex rel., v. Piper,* 103 Kan. 794, 176 Pac. 626; *Paulsen v. McCormack,* 133 Kan. 523, 527, 1 P. 2d 259; *Clothier v. Wallace,* 137 Kan. 928, 22 P. 2d 462; *Howell v. Howell,* 142 Kan. 323, 46 P. 2d 866.

Our decisions are in harmony with the weight of authority. See 17 C. J. 48; 24 C. J. S. 267; 2 Am. Jur. 987, and annotation in 18 A. L. R. 867 and 74 A. L. R. 638.

From what has been said the judgment of the trial court in each case should be affirmed. It is so ordered.