Larry Abbott, plaintiff in error, v. State of Nebraska, defendant in error.

69 N. W. 2d 878

Filed April 22, 1955. No. 33711.

*Manasil & Erickson,* for plaintiff in error.

*Clarence S. Beck,* Attorney General, and *Richard H. Williams,* for defendant in error.

Heard before Simmons, C. J., Carter, Messmore, Yeager, Chappell, Wenke, and Boslaugh, JJ.

Simmons, C. J.

This matter comes here by petition in error from the district court, challenging the dismissal of an appeal from the county court in a misdemeanor case. We affirm the judgment of the trial court.

Plaintiff in error will hereinafter be called the defendant.

In county court on November 24, 1952, defendant was charged with unlawful operation of a motor vehicle on the streets and highways in such a manner as to indicate a willful disregard for the safety of persons and property.

Defendant was arrested on the same day. The judgment of the court recites that on November 24, 1952, he was fully informed as to his legal rights, the nature of the offense charged and the penalty, and that defendant was duly arraigned and pleaded guilty. The judgment further recites that from the proofs and the evidence the court found the defendant guilty. He was

fined $50 and costs of $5. His operator's license was suspended for 30 days. Defendant then paid the fine and costs in full and deposited his operator's license with the court.

On December 1, 1952, defendant filed a motion to set aside and vacate the judgment for the reason that the plea of guilty was entered involuntarily; that he did not understand its effect; that he was not appraised of the nature of the charges against him; that he did not receive adequate and timely notice of the hearing; that he did not have an opportunity to obtain and consult with counsel prior to the hearing; and that the State did not offer to grant a continuance.

On the following day he filed a motion for leave to withdraw his plea of guilty for the reasons in part as above recited on the motion to vacate and for the added reason that he had not been afforded a full and fair hearing.

The court's journal entry recites that on December 3, 1952, the matter came on for hearing of the two motions, the parties were represented by counsel, and the motions were "presented and argued," and were denied.

Defendant gave notice of appeal from the "order" in the above matter. His appeal bond, filed December 3, 1952, recited that it concerned the charge of willful reckless driving. Thereafter a transcript was filed in the district court containing copies of all the instruments mentioned above. Thereafter in district court, the State filed a motion to dismiss the appeal on the ground that the defendant had pleaded guilty and satisfied the judgment of the county court.

On May 18, 1953, the district court had "a hearing" on the matter and on August 5, 1953, entered an order dismissing the appeal. A "motion for a new trial" was filed. This was overruled on September 4, 1954, and the proceedings here followed.

We are unable to determine definitely on what theory the matter comes here.

Defendant in his brief states that the question presented is his right to appeal from the county court order denying his motion to vacate the judgment and to withdraw his plea. However, his bond appears to have been one wherein he appeals from the judgment of conviction. The district court appears to have determined the appeal on the ground that the plea of guilty, followed by a judgment of guilt and a fine and costs which were fully paid, disposed of the matter, and that there accordingly was no merit in the appeal.

If the issue here is the ruling of the county court on the motion to vacate the judgment and withdraw the plea of guilty, then we are confronted with the rule that the record imports absolute verity. There is no bill of exceptions reciting the evidence, if any, produced in county court. As to that the rules are: "In all appellate proceedings the record of the trial court imports absolute verity.

"On appeal, error will not be presumed, but must affirmatively appear from the record.

"In the absence of a bill of exceptions it will be presumed that issues of fact raised by the pleadings were supported by the evidence and that such issues were correctly determined.

"A question requiring an examination of the evidence will be disregarded in the absence of a bill of exceptions preserving the evidence.

"In the absence of a valid bill of exceptions, the only issue that can be considered on appeal is the sufficiency of the pleadings to sustain the judgment." State ex rel. League of Municipalities v. Loup River P. P. Dist., 158 Neb. 160, 62 N. W. 2d 682.

Accordingly, the merits of the decision of the county court on the motion to vacate and withdraw the plea are not here for review.

Apparently the defendant desires a determination that he has a right to a trial in the district court on the issue presented by the complaint of the State. That is the

question which was decided by the district court. He relies on Benson v. State, 158 Neb. 168, 62 N. W. 2d 522. We there held that a defendant who had pleaded guilty and had been sentenced on the plea was not barred from a right of appeal. That case is not this case. Here there was a plea, a judgment, and a satisfaction of that judgment in full.

In a civil case saying that the proceeding was "a peculiar one," we held: "After a judgment has been paid in full and the cause dismissed, a motion to set it aside presents no issue." Durland Trust Co. v. Uttley, 103 Neb. 461, 172 N. W. 251.

The texts state the majority rule is that where a defendant in a criminal action has voluntarily paid a fine imposed upon him, he waives his right of appeal. 2 Am. Jur., Appeal and Error, § 231, p. 987; 24 C. J. S., Criminal Law, § 1668, p. 266; Annotations, 18 A. L. R. 867, 74 A. L. R. 638. We find no decisions of our own directly determining the question.

We cite only a few of the decisions where the fact situations are quite comparable. Relying on its earlier decisions and the above texts, the Supreme Court of Kansas in a recent case held: "The trial court did not dismiss the appeal from the police court upon the ground that it had not been taken in time. The appeal was dismissed because the evidence clearly showed that the appellant, while in the police court, voluntarily paid the fines and costs. Under our many decisions, as well as decisions from other states, he had waived his right to appeal." City of Goodland v. Bair, 166 Kan. 228, 199 P. 2d 807. See, also, Wilhite v. Judy, 137 Kan. 589, 21 P. 2d 317.

In State v. Schreiber, 35 Del. 424, 166 A. 669, with reference to a statutory right of appeal, the court said: "This provision of the statute is clearly for the benefit of the person convicted and may, therefore, be waived by him. The defendant voluntarily paid the fine and costs imposed on him by reason of his plea of guilty and

has, therefore, waived his right of appeal in this case."

In State v. Osborne, 143 Maine 10, 54 A. 2d 526, the court reviewed many of the earlier decisions and held: "The great weight of authority is that a voluntary guilty plea, followed by payment of fine imposed terminates the action and precludes a review of the conviction." With reference to the so-called minority view, the court said: "What may be termed the minority view, is in most instances an emphasis favorable to the defendant upon questions of fact when it is shown that a fine was paid with the intent not to waive; in cases where fines were paid under protest or where there was an element of coercion."

People v. Pyrros, 323 Mich. 329, 35 N. W. 2d 281, involved a conviction of drunken driving with a fine or a jail sentence and suspension of driver's license. Defendant paid the fine and thereafter attempted to appeal. On motion, similar to the one here, his appeal was dismissed. We cite it here particularly because of the suspended operator's license that was involved. The court held: "A person upon whom a sentence is imposed must accept all of the sentence or appeal in a manner provided by law in such cases. Defendant, by having paid the fine imposed, thereby accepted all of the sentence. In such a situation there is nothing to appeal from * * *."

We accept and follow the majority rule.

The judgment of the trial court is affirmed.

AFFIRMED.