No. 43,799

THE STATE OF KANSAS, *Appellee*, v. JAMES D. MOONEYHAM, *Appellant*.

(390 P. 2d 215)

Opinion filed March 7, 1964.

*Duane E. West*, of Garden City, was on the briefs for appellant.

*Harrison Smith*, County Attorney, Garden City, argued the cause, and *William M. Ferguson*, Attorney General, Topeka, was with him on the briefs for appellee.

The opinion of the court was delivered by

FATZER, J.: The defendant, James D. Mooneyham, was charged with the crime of grand larceny of an automobile in violation of G. S. 1961 Supp., 21-533. The defendant was arrested in Oklahoma City, Oklahoma. Following proper extradition proceedings, and a preliminary examination in Finney County, about which no complaint is made, he was charged by information in the district court with the commission of such crime.

In the district court the defendant was informed that he was charged with the commission of a felony and that he was entitled to be represented by counsel. The defendant informed the court

that he had no attorney and no funds with which to employ counsel and would accept the services of an attorney if one were appointed to represent him. The court inquired if he had any preference of counsel and upon his reply in the negative, it appointed Duane E. West, a qualified and competent practicing attorney of the Finney County Bar, to represent the defendant in the action. On January 21, 1963, the defendant was brought before the court for formal arraignment and in the presence of his attorney, entered a plea of not guilty.

A jury was duly impaneled and sworn to try the cause, and the state introduced its evidence and rested. The defendant introduced his evidence and took the witness stand and testified in his own behalf and rested.

The evidence showed the case was the ordinary one of larceny of an automobile. The proof of larceny was not contested; the car was taken from the driveway of the owner's residence in Garden City without his consent. A few days later the automobile was found in the possession of a used car dealer in Oklahoma City, Oklahoma, having been sold to him by the defendant without a certificate of title or other proof of ownership. The defendant accounted for his possession in very poor dime-novel fashion. The stock instructions relating to the grand larceny of an automobile by an agent and of the recent possession of stolen property were given, and a verdict of guilty was inevitable. (*State v. Shehi*, 125 Kan. 110, 263 Pac. 787.)

The defendant filed a motion for a new trial and moved to defer sentencing until the motion could be heard. On February 8, 1963, the motion was heard and overruled.

On the same day, the court inquired of the defendant and his counsel whether they had any legal reason to give why the judgment and sentence of the court should not be pronounced against the defendant. No just cause or reason was given, and the defendant stated that he had been fully advised of his rights under the law. The court then pronounced the defendant guilty of the crime of grand larceny of an automobile as charged in the information in accordance with the verdict returned by the jury, and thereupon the defendant was sentenced to confinement at hard labor in the Kansas State Penitentiary for a term not less than five nor more than fifteen years.

The journal entry of the defendant's conviction expressly recites that after judgment and sentence was pronounced against him, he

made application to the court for a parole (to be released on probation, or for suspension of the execution of the sentence imposed). (G. S. 1961 Supp., 62-2239.) The court heard argument of counsel and being fully advised in the premises denied the application for parole.

Following his conviction and sentence and the denial of his application for parole, the defendant filed an affidavit pursuant to G. S. 1961 Supp., 62-1304 stating that he intended in good faith to appeal his conviction to the supreme court; that a transcript of the proceedings in the district court was necessary to enable him to prosecute the appeal, and that he did not have means to pay for the same. He also filed a motion in the district court for the appointment of competent counsel to perfect and assist him in the prosecution of his appeal in the supreme court pursuant to Prefatory Rule No. 1 (f). (Rules relating to appellate procedure in criminal cases, 192 Kan. II.)

On July 12, 1963, the district court entered its order directing that a transcript of the proceedings be furnished the defendant at the cost and expense of Finney County, and that Duane E. West, of Garden City, be appointed to perfect and prosecute the defendant's appeal.

In view of conclusions hereafter announced, nothing would be gained by detailing the alleged trial errors on which the appellant relies in support of his appeal.

The determining question presented is whether, under the circumstances, the defendant's voluntary application for a parole from the judgment and sentence imposed, constitutes an acquiescence in the judgment of conviction so as to preclude his right to appeal therefrom. We think it does.

Our statute, G. S. 1949, 62-1701, giving a defendant the right of appeal as a matter of right from a judgment against him, is clearly for his benefit and such right may be waived by him through acquiescence in the judgment (*Wilhite v. Judy,* 137 Kan. 589, 590, 21 P. 2d 317; *In re Bair,* 166 Kan. 228, 199 P. 2d 807; *State v. Morse,* 191 Kan. 328, 330, 380 P. 2d 310), or failure to perfect the appeal in the time and manner prescribed. It has been held that a waiver will be implied from any act on the part of the accused inconsistent with an intention to take an appeal, except in capital cases or where the punishment is life imprisonment. (*State v. Miller,* 165 Kan. 228, 194 P. 2d 498; *State v. Wilson,* 187 Kan. 486, 357 P. 2d 823; 24 C. J. S.,

Criminal Law, § 1668, p. 1047.) Likewise, the right to appeal may be waived by pursuing an alternative remedy, although the relief sought by the accused is discretionary with the court and its order of refusal cannot be appealed. (4 Am. Jur. 2d, Appeal and Error, § 270, p. 764.)

The defendant recognized the validity of the judgment when he sought affirmative relief from serving the sentence imposed. By voluntarily making application for parole he thereby waived any alleged trial errors and acquiesced in the judgment. The rule of acquiescence rests upon the recognition of the judgment as valid. This recognition is shown by partial as well as full compliance. A defendant cannot yield obedience to a judgment and afterwards appeal from it. (*Wilhite v. Judy*, supra; *State v. Massa*, 90 Kan. 129, 132, 132 Pac. 1182; *State, ex rel., v. Piper*, 103 Kan. 794, 796, 176 Pac. 626; *Mick v. Wilson*, 130 Kan. 536, 539, 287 Pac. 257.) See, also, *A. P. Brown v. State*, 5 Okla. Cr. 667, 115 Pac. 606.

The fact that the relief sought was discretionary with the district court and that relief was denied, does not change the character of the defendant's express consent to the validity of the judgment. Under the circumstances which attend, the judgment of February 8, 1963, became unassailable, and the defendant's right to a review of the conviction by an appellate court is barred.

The appeal is dismissed.

FONTRON, J., not participating.