James D. MOONEYHAM, Appellant,

v.

STATE OF KANSAS, Appellee.

No. 7888.

United States Court of Appeals
Tenth Circuit.

Dec. 15, 1964.

David R. Dickey, Oklahoma City, Okl., for appellant.

Richard H. Seaton, Asst. Atty., Gen. of Kansas (William M. Ferguson, Atty. Gen. of Kansas, on the brief), for appellee.

Before MURRAH, Chief Judge, and PICKETT and SETH, Circuit Judges.

PICKETT, Circuit Judge.

This is an appeal from an order dismissing a habeas corpus petition brought by James D. Mooneyham, a prisoner confined in the Kansas State Penitentiary. Mooneyham was convicted of the crime of grand larceny of an automobile. Immediately after sentence was pronounced, he made application to the court to be released on parole or for suspension of

the execution of the sentence as authorized by Kansas Statute. G.S.Kan.1961 Supp. 62–2239. The application was denied, whereupon an appeal was taken from the conviction to the Supreme Court of Kansas. The appeal was dismissed upon the ground that the application for parole constituted "an acquiescence in the judgment of conviction so as to preclude his right to appeal therefrom." State v. Mooneyham, 192 Kan. 620, 390 P.2d 215, 216. A petition for writ of certiorari to the Supreme Court was denied. 377 U.S. 958, 84 S.Ct. 1640, 12 L.Ed.2d 502.

Mooneyham contends that the decision of the Supreme Court of Kansas deprived him of his basic right to appeal, in violation of the provisions of the Constitution of the United States. In other words, he maintains that the Kansas statute gives him a right to appeal and that the decision of the Supreme Court of Kansas was an unconstitutional discrimination against him. The law is now settled that when a state provides for an appeal in criminal cases, it is an invidious discrimination to deny an appeal to a person convicted in state court because he is unable to pay appeal costs. See, Oyler v. Taylor, 10 Cir., 338 F.2d 260, and related cases cited. It is equally well settled that the right to appeal in criminal cases is not guaranteed by the Federal Constitution. A state, consistent with due process, may provide for an appeal by convicted defendants in criminal cases upon such terms as it deems appropriate. Griffin v. Illinois, 351 U.S. 12, 76 S.Ct. 585, 100 L.Ed. 891, rehearing denied 351 U.S. 958, 76 S.Ct. 844, 100 L.Ed. 1480; McKane v. Durston, 153 U.S. 684, 14 S.Ct. 913, 38 L.Ed. 867.

Relief to state prisoners is available in federal courts only when fundamental rights guaranteed by the Constitution of the United States have been violated. Townsend v. Sain, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770; Hickock v. Crouse, 10 Cir., 334 F.2d 95; Oyler v. Taylor, supra.

In considering the effect of an application for parole under the Kansas statute after sentence has been imposed, the Kansas Supreme Court has construed such application to be a waiver of any trial errors and an acquiescence in the judgment. It is said that "[t]he rule of acquiescence rests upon the recognition of the judgment as valid." State v. Mooneyham, supra, 390 P.2d at 217. In a later case the Supreme Court of Kansas adhered to the Mooneyham rule. State v. Irish, 193 Kan. 533, 393 P.2d 1015. This construction of the Kansas statute applies to every defendant making application for parole under similar circumstances, and as so construed is not an unconstitutional discrimination. The decision of the Supreme Court of Kansas in this respect is not reviewable on federal habeas corpus. Trujillo v. Tinsley, 10 Cir., 333 F.2d 185; Sandoval v. Tinsley, 10 Cir., 338 F.2d 48.

Affirmed.