No. 44,367

Jerry Groene, *Appellant*, v. State of Kansas, *Appellee*.

(408 P. 2d 580)

Opinion filed December 11, 1965.

*Ivan D. Krug,* of La Crosse, argued the cause and was on the brief for the appellant.

*John J. Stang,* County Attorney, argued the cause and *Robert C. Londerholm,* Attorney General, and *Richard H. Seaton,* Assistant Attorney General, were with him on the brief for the appellee.

The opinion of the court was delivered by

Kaul, J.: Appellant, Jerry Groene, being confined in the state penitentiary, wrote a letter to the sentencing court requesting that the sentence be vacated. The court directed the appellant's letter be filed and considered a motion under K. S. A. 60-1507.

The appellant, referred to as defendant in the criminal proceedings, was apprehended on February 22, 1963, on suspicion of burglary and grand larceny. On March 1, 1963, he was brought before a magistrate in Rush County, Kansas, without counsel. The journal entry of the proceedings before the magistrate discloses that the complaint was read to defendant and his rights explained to him. The defendant then waived a preliminary hearing and was bound over for trial in the district court.

An information was filed in the District Court of Rush county charging defendant with grand larceny under G. S. 1949, 21-520, and burglary in the second degree as set out in G. S. 1949, 21-533. On March 5, 1963, defendant was brought before the district court and after questioning the defendant the court appointed Neil

Hotchkiss, a member of the bar of Rush county, as counsel for the defendant.

On the same day the defendant, with his counsel, again appeared before the court and the information was read to him. He was informed of the charges against him and as to his rights. Thereupon the county attorney asked leave to amend the information by dismissing the charge of grand larceny. Leave to so amend was granted by the court. The defendant entered his plea of guilty to the charge of burglary in the second degree, the only count left in the information. Counsel for defendant then moved for parole and after arguments the motion was denied. Thereupon the court, in the presence of defendant's attorney and the county attorney, inquired of the defendant if he had any legal cause or reason why sentence and judgment should not be pronounced according to law, and defendant failed to show cause or reason. Thereupon defendant was sentenced to confinement in the Kansas State Penitentiary at Lansing, Kansas, for not less than five years and not more than ten years.

On August 24, 1964, the trial court received a letter from defendant (referred to as petitioner hereinafter) asking that the sentence be vacated, that counsel be appointed and that petitioner be returned to the court for hearing. On that date the court found the petitioner to be an indigent person and appointed Ivan D. Krug, a member of the Rush county bar to act as counsel for defendant. On August 26, 1964, the court set the hearing for September 28, 1964, and notice was given to the petitioner, his attorney and the county attorney. The court notified petitioner's counsel that no order would be made directing the return of petitioner unless counsel could make a showing of facts that were particularly within the knowledge of petitioner upon which testimony would be necessary for a proper hearing.

On September 28, 1964, the hearing was had. The court denied petitioner's request to be returned for the hearing on the grounds that no showing was made to the satisfaction of the court by petitioner's counsel that presence of petitioner was necessary.

On November 30, 1964, the district court made detailed findings of fact and conclusions of law on all points raised by petitioner at the hearing and the motion was denied. On the same date petitioner filed notice of this appeal.

In his statement of points, the petitioner submits five grounds upon which he relies.

For his first point, the petitioner claims that K. S. A. 62-1304 is unconstitutional on three separate grounds. First he contends that the statute is constitutionally defective because it provides for the appointment of counsel for indigent defendants in the case of felonies only, no such provision being made in the case of misdemeanors. This contention cannot be maintained for the simple reason that in this case petitioner was charged with a felony and not a misdemeanor and therefore he is not in a proper position to challenge the constitutionality of the act on this ground.

Petitioner argues that the statute is unconstitutional on the grounds that the time provided for the appoinment of counsel is inadequate under the rule announced by the United States Supreme Court in *Escobedo v. Illinois*, 378 U. S. 478, 12 L. Ed. 2d 977, 84 S. Ct. 1758. K. S. A. 62-1304 provides for the appointment of counsel when any person is about to be arraigned. The Escobedo rule was summarized in the majority opinion:

". . . We hold only that when the process shifts from investigatory to accustory—when its focus is on the accused and its purpose is to elicit a confession—our adversary system begins to operate, and, under the circumstances here, the accused must be permitted to consult with his lawyer." (p. 492.)

The substance of K. S. A. 62-1304 in this connection is that appointment of counsel or waiver thereof under the provisions set out must be had prior to arraignment. There are no provisions in the statute that prevent or prohibit the appointment of counsel at the request of the accused at any time subsequent to arrest and prior to arraignment. Certainly there is no language to be found in the statute that would authorize the denial of the right of an accused to consult counsel under the circumstances existing in Escobedo.

Petitioner further complains that the statute is unconstitutional because he did not have the right to the appointment of counsel for an appeal, nor was he advised of any rights to appeal. The record discloses that no attempt to appeal was made by petitioner and that he was in fact precluded from an appeal by reason of his acquiescence in the sentence and judgment of the court in making application for probation. (See *State v. Mooneyham*, 192 Kan. 620, 390 P. 2d 215, cert. denied, 377 U. S. 958, 12 L. Ed. 2d 502, 84 S. Ct. 1640). Even though petitioner is not in a position to challenge the constitutionality of the statute on this ground, we have no hesitancy in stating that the act meets all requirements

of the federal constitution on this point as well as those heretofore considered herein.

We stated in *Hardman v. Hand,* 190 Kan. 148, 373 P. 2d 178, and reiterated in *White v. Hand,* 190 Kan. 472, 375 P. 2d 616, that the requirements of G. S. 1959 Supp. 62-1304 (now K. S. A. 62-1304) are in fact broader than those required by the federal constitution (See also *Devine v. Hand,* 287 F. 2d 687; *Tafarella v. Hand,* 294 F. 2d 67; *Tibbett v. Hand,* 294 F. 2d 68; *Goetz v. Hand,* 195 F. Supp. 194, affirmed 291 F. 2d 930).

For his second point, petitioner contends that the trial court erred in not returning him for a full and complete hearing.

Rule No. 121 (*h*) of the Supreme Court (194 Kan. xxviii) relating to the presence of the prisoner states:

"PRESENCE OF PRISONER. The prisoner should be produced at the hearing on a motion attacking a sentence where there are substantial issues of fact as to events in which he participated. The sentencing court has discretion to ascertain whether the claim is substantial before granting a full evidentiary hearing and requiring the prisoner to be present."

There were no substantial issues of fact raised by petitioner in this case which made his presence necessary. The trial court acted entirely within its discretion in this regard. Counsel for petitioner appeared at the hearing and argued questions of law but made no showing of any factual issue that could have been supported by the testimony or presence of petitioner.

Petitioner further contends that an attorney should have been appointed well in advance of arraignment. The record discloses that counsel was appointed prior to arraignment and did consult with petitioner before a plea was entered and further that on arraignment one count of the information was dismissed by the county attorney. There is no showing that petitioner or his attorney requested a continuance. The record fails to disclose petitioner's rights were prejudiced by reason of the time of appointment of counsel.

Petitioner also contends that the district court erred in not advising him of his right to appeal and in determining that a plea of guilty or application for parole waived trial irregularities and constitutional defects. An answer to both of these contentions may be found in the recent case of *State v. Robertson,* 193 Kan. 668, 396 P. 2d 323, wherein it was stated:

". . . However, no rule of this court nor statute of this state imposes upon the district judge the specific duty of advising an indigent defendant of

his right to appeal, with the assistance of court-appointed counsel, before sentencing. Actually, there is no need for such rule because the indigent defendant is provided with the assistance of counsel at the trial of his case. (G. S. 1961 Supp., 62-1304.) It must be assumed that such appointed counsel will fully and fairly represent the indigent defendant and fully advise him of his rights, including the right to appeal with the assistance of counsel. On the record here presented it may be assumed that the appellant was fully advised on this point." (p. 670.)

In commenting on the rule of *State v. Mooneyham,* supra, that a request for parole constitutes acquiescence in the judgment and thus constitutes a waiver of the right to appeal it was stated, commencing at page 670 of the opinion in *State v. Robertson,* supra:

". . . The appellant's counsel argues that without specific advice by the trial court concerning the appellant's right to appeal, the appellant cannot be said to have had the requisite understanding to make an intelligent waiver of that right. The fallacy of this argument lies in the fact that the underlying theory in *State v. Mooneyham,* supra, is that the appellant recognizes and acquiesces in the validity of the judgment by seeking probation. He is precluded from appealing, not because he expressly and understandingly waived such right, but because he expressly and understandingly took action which, in and of itself, was inconsistent with an intention to appeal. Since his request for parole, and the consequent acquiescence in the judgment and its validity, was intentionally made, the fact that the appellant may not have understood that he would be bound by the reasonable and logical implications of his action, thereby foreclosing an appeal, is immaterial."

For that matter, the application of the rule of waiver by acquiescence is of no consequence in this case because the record fails to reveal any irregularities in the criminal proceedings which would require a cure by waiver.

In conclusion we hold that on all points raised by petitioner in this appeal; the findings and conclusions of the district court are supported by the files and the records that were before it.

The judgment of the district court is affirmed.