**Charles C. MOORE, Jr., Appellant,**

v.

**Sherman H. CROUSE, Warden, Kansas State Penitentiary, Lansing, Kansas, Appellee.**

**No. 9498.**

United States Court of Appeals
Tenth Circuit.

April 29, 1968.

Susan Graham Barnes, of Alperstein & Plaut, Lakewood, Colo., for appellant.

Daniel D. Metz, Asst. Atty. Gen. of Kansas (Robert C. Londerholm, Atty. Gen. of Kansas, on the brief), for appellee.

Before PICKETT, LEWIS and SETH, Circuit Judges.

DAVID T. LEWIS, Circuit Judge.

■ Moore, a state prisoner, appeals from an order of the United States District Court for the District of Kansas denying relief on and dismissing his petition for a writ of habeas corpus. Two issues presented to us for review, that petitioner's original conviction was premised upon evidence obtained through illegal search and seizure and that he was proceeded against unconstitutionally at preliminary arraignment, have been considered and rejected by the state courts of Kansas after a full evidentiary hearing and have been similarly rejected by the federal district court after a review of the complete state record. Our own review of the state record indicates that the several rulings on these issues are fully supported and that relief was properly denied petitioner. A further contention advanced by petitioner warrants some discussion.

Moore was originally convicted and sentenced by the Kansas court in 1961. More than three years later, on July 20, 1964, he sought post-conviction relief under applicable Kansas statutes, K.S.A. 60–1507, and was granted a full evidentiary hearing. Although other relief was denied, the Kansas court found that Moore had been denied his right to appeal and that right was accorded him by order entered *nunc pro tunc*. Counsel was appointed for petitioner, a transcript ordered, and notice of appeal was filed on March 4, 1965.

On May 26, 1965, with the direct appeal still pending, Moore was paroled from the Kansas State Penitentiary. On June 7, 1965, on motion of the state, the Kansas Supreme Court dismissed Moore's appeal as moot. Notice of the motion was served on Moore's counsel and the motion was unresisted.

On August 2, 1966, Moore was returned to the penitentiary as a parole violator and he immediately filed, pro se, a motion to reinstate his appeal. The motion was summarily denied by the Kansas Supreme Court on September 16 and this federal proceeding soon followed.

■ In 1965, when Moore's appeal was dismissed as moot by the Kansas high court, the applicable state law provided that one who voluntarily applied for parole waived the right to appeal by acquiescence in the judgment of conviction. State v. Mooneyham, 192 Kan. 620, 390 P.2d 215, cert. denied 377 U.S. 958, 84 S.Ct. 1640, 12 L.Ed.2d 502. This rule was constitutionally valid. Mooneyham v. State of Kansas, 10 Cir., 339 F.2d 209. Kansas has since overruled its case law premising the rule. State v. McCarther, 197 Kan. 279, 416 P.2d 290.

At the federal hearing Moore testified that he did not apply for parole; that parole at the penitentiary was automatic; and that he subjectively resisted parole.[1] He did, however, accept parole and enjoyed the privileges thereof for a year and was advised by his counsel that the appeal had been dismissed for mootness because of the parole.

■ We readily agree with petitioner's present and able counsel that no state can determine who shall have the right to appeal merely by an arbitrary designation of who shall remain in prison and who shall be paroled. But there is nothing in the record to indicate that Kansas authority here used the instrument of parole to defeat the right of appeal. Moore had then been incarcerated for four years and he himself testified that his parole was "automatic." So, too, was the dismissal of the appeal routine or "automatic" when, without com-

---

1. His testimony is undisputed in the record. A post-hearing attempt by the state to refute his testimony was rejected by the court.

plaint, the Kansas Supreme Court applied its then existing state law. Neither procedure constituted an invidious act of discrimination violative of petitioner's federal constitutional rights. Nor did the subsequent action of the Kansas court in refusing to reinstate the appeal violate a federal right. When Moore, apparently content to abandon appellate proceedings during his period of freedom, was again motivated to seek appeal his motion was directed to the discretion of the state authority and the exercise of that discretion is not a matter for review here.

Affirmed.